**LAW OFFICE OF STEWART KATZ**
STEWART KATZ, State Bar #127425
555 University Avenue, Suite 270
Sacramento, California 95825
Telephone: (916) 444-5678

Attorney for all Plaintiffs

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JENNIFER LANDEROS, individually and as successor in interest to DANIEL LANDEROS, Deceased; DEJA LANDEROS, individually and as successor in interest to DANIEL LANDEROS, Deceased; B.M.L., individually and as successor in interest to DANIEL LANDEROS, Deceased, by and through JENNIFER LANDEROS, as Guardian ad Litem; J.J.L., individually and as successor in interest to DANIEL LANDEROS, Deceased, by and through JENNIFER LANDEROS, as Guardian ad Litem; D.F.L., individually and as successor in interest to DANIEL LANDEROS, Deceased, by and through JENNIFER LANDEROS, as Guardian ad Litem; and T.D.L., individually and as successor in interest to DANIEL LANDEROS, Deceased, by and through JENNIFER  LANDEROS, as Guardian ad Litem, | Case No. **COMPLAINT FOR VIOLATIONS OF FEDERAL CIVIL RIGHTS AND STATE LAW** **[42 U.S.C. § 1983 and State Law Claims]** **JURY TRIAL DEMANDED** |

　　　　　　　Plaintiffs,

　　　vs.

SAMUEL SCHAFER; STEVEN HOLSTAD; DANIEL COLEMAN; JUSTIN PARKER; PATRICK SCOTT; JEREMY BANKS; and CITY OF ELK GROVE,

　　　　　　　Defendants.

_____/

///

///

///

Landeros-Complaint                                                    1

1   Plaintiffs complain and allege as follows:

2                          **I. INTRODUCTION**

3        1.      This is a civil rights action brought by the children and wife of Daniel

4   Landeros (hereinafter "Daniel"), who died from excessive force used by Elk Grove Police

5   Department officers against him on November 30, 2016, in Elk Grove, California.

6   Landeros was unarmed.  This action is brought by Landeros' surviving wife and children,

7   individually and as successors in interest. Through this action, plaintiffs seek to recover for

8   the losses suffered as a result of defendants' actions. Plaintiffs seek compensation for the

9   decedent's pain and suffering, his loss of enjoyment of life and for their own losses, as well

10  as punitive or exemplary damages as allowed by law. The individual defendant officers

11  were all integral participants in the uses of force against the decedent and failed to

12  intervene to prevent the use of excessive and unconstitutional force.

13                   **II. JURISDICTION AND VENUE**

14       2.      This complaint seeks damages and attorney's fees pursuant to Title 42

15  U.S.C. sections 1983 and 1988, for the violation of plaintiffs' civil rights. Jurisdiction is

16  founded upon Title 28 U.S.C. sections 1331 and 1343. This court has supplemental

17  jurisdiction over plaintiffs' state law claims pursuant to 28 U.S.C. section 1367.

18       3.      All of the conduct described herein occurred within the County of

19  Sacramento, California. Venue lies in the Eastern District of California pursuant to 28

20  U.S.C. section 1391(b)(2).

21                  **III. EXHAUSTION OF GOVERNMENT**
                        **TORT CLAIM PROCEDURES**
22

23       4.      Plaintiffs filed timely government tort claims with the City of Elk Grove as

24  a precondition to the state law claims alleged in this action.

25       5.      On June 13, 2017, the City of Elk Grove rejected those claims.

26  ///

27  ///

28  ///

## IV. PARTIES

6.      Plaintiff Jennifer Landeros (hereinafter "Jennifer") is Daniel's surviving widow and successor in interest. She resides in Elk Grove and is a citizen of the United States.

7.      Plaintiff Deja Landeros is a surviving daughter and successor in interest to the decedent. She resides in Elk Grove and is a citizen of the United States. She is now 18 years old.

8.      Plaintiff B.M.L. is a surviving daughter and successor in interest to the decedent. She resides in Elk Grove and is a citizen of the United States. She proceeds in this action through Jennifer Landeros as Guardian ad Litem. She is now 14 years old.

9.      Plaintiff T.D.L. is a surviving son and successor in interest to the decedent. He resides in Elk Grove and is a citizen of the United States. He proceeds in this action through Jennifer Landeros as Guardian ad Litem. He is now 12 years old.

10.     Plaintiff D.F.L. is a surviving son and successor in interest to the decedent. He resides in Elk Grove and is a citizen of the United States. He proceeds in this action through Jennifer Landeros as Guardian ad Litem. He is now 9 years old.

11.     Plaintiff J.J.L. is a surviving son and successor in interest to the decedent. He resides in Elk Grove and is a citizen of the United States. He proceeds in this action through Jennifer Landeros as Guardian ad Litem. He is now 7 years old.

12.     Plaintiffs Jennifer Landeros, Deja Landeros, B.M.L., T.D.L., D.F.L. and J.J.L. are bringing this action pursuant to California Code of Civil Procedure §§377.20 et seq. and 377.60 which provide for survival and wrongful death actions. Plaintiff Jennifer Landeros is also bringing claims on behalf of her deceased husband, and Plaintiffs Deja Landeros, B.M.L., T.D.L., D.F.L. and J.J.L are bringing claims on behalf of their deceased father, under 42 U.S.C. §§1983 and 1988, for violations of the United States Constitution and federal civil rights law.

///

///

13.    The declaration required under California Code of Civil Procedure § 377.32 for persons bringing an action as a decedent's successor in interest is Attachment 1 to this Complaint.

14.    Defendant Samuel Schafer was employed by the City of Elk Grove as a police officer. At all relevant times he was acting within the course and scope of that employment and under color of state law.  Schafer is being sued in his individual capacity.

15.    Defendant Steven Holstad was employed by the City of Elk Grove as a police officer. At all relevant times he was acting within the course and scope of that employment and under color of state law. Holstad is being sued in his individual capacity.

16.    Defendant Daniel Coleman was employed by the City of Elk Grove as a police officer. At all relevant times he was acting within the course and scope of that employment and under color of state law. Coleman is being sued in his individual capacity.

17.    Defendant Justin Parker was employed by the City of Elk Grove as a police officer. At all relevant times he was acting within the course and scope of that employment and under color of state law. Parker is being sued in his individual capacity.

18.    Defendant Patrick Scott was employed by the City of Elk Grove as a police officer. At all relevant times he was acting within the course and scope of that employment and under color of state law. Scott is being sued in his individual capacity.

19.    Defendant Jeremy Banks was employed by the City of Elk Grove as a police officer. At all relevant times he was acting within the course and scope of that employment and under color of state law. Banks is being sued in his individual capacity.

20.    Defendant City of Elk Grove is a political subdivision of the State of California, created and existing by virtue of the laws of the State of California.

21.    Plaintiffs may need to name additional defendants in the event that information subsequently obtained, such as through discovery, demonstrates that additional individuals were involved in Daniel's death or the ratification of excessive force used against him, or that other individuals were responsible for the inadequate training or supervision or training of defendants currently named.

# V. FACTUAL ALLEGATIONS

22.     Daniel was the father of five children, each of whom is a plaintiff in this action. At the time of his death, Daniel had been married to his wife Jennifer for 18 years and they had been together for 24 years.

23.     Daniel worked hard to support his family as a union tile setter. In order to better provide for his family, he frequently took jobs that required him to commute to the San Francisco Bay area from his home in Elk Grove.

24.     On November 30, 2016, Daniel was driving on Elk Grove Boulevard when his truck struck two other vehicles in a car accident. Fortunately, none of the occupants of the other vehicles suffered any substantial injuries.

25.     The accident was witnessed by two Elk Grove police officers, Steven Holstad and Samuel Schafer, who were conducting an unrelated traffic stop.

26.     As officers Holstad and Schafer approached the accident scene, Daniel got out of his damaged truck and began walking away from the accident.

27.     The officers pursued Daniel, who stopped and exchanged words with them.

28.     Daniel then began moving away from the officers at a more brisk pace than before.

29.     When Daniel stopped again, he faced the officers and Officer Schafer deployed his Taser which caused Daniel to fall on the pavement. Schafer deployed two full, five-second cycles of the Taser.

30.     During this encounter, at least six additional Elk Grove police officers arrived on the scene and participated in the incident. Each of these officers integrally participated in the uses of force and also failed to intervene to prevent the other officers form using the excessive force which cost decedent his life.

31.     Daniel was on his back. The police officers flipped him over so he was face and chest down and jumped on him violently. Multiple officers, including officers Schafer, Holstad, Coleman, Parker, Scott and Banks, piled their weight onto his back and body, for

several minutes thereby interfering with his ability to breathe. While the officers were on top of him, Daniel's nose was bleeding and his face began turning blue.

32.     The officers' actions caused Daniel to stop breathing. None of the officers or responding fire department personnel were able to revive him. Daniel was transported by ambulance to Kaiser South where he was pronounced dead.

33.     The doctors at Kaiser South believed that an open skull fracture was a significant injury contributing to his death.

34.     The autopsy showed evidence of Daniel's head injury as well as other significant blunt force trauma and electro-muscular disruption device injury.

35.     The autopsy report noted the multiple findings consistent with the death caused by the officers' actions including their placing sufficient weight and force against him so as to prevent his being able to breathe.  These included his restraint, the use of the taser, blunt force injuries to head and face; and cutaneous and soft tissue blunt force injuries. The presence of petechial hemorrhages is a further indication that the weight and force placed upon Daniel when he was restrained was a cause of his death.

36.     Prior to his death, and as a direct consequence of the officers' actions, Daniel experienced conscious, excruciating pain and suffering.

37.     The manner in which the officers seized Daniel was unlawful, unreasonable and evidenced totally inadequate training regarding positional asphyxia and/or indifference to the consequences of applying the unreasonable amount of force used, including acting in disregard to the well-known risks associated with placing weight/force on the back of a restrained, prone person, and inappropriately deploying a Taser upon someone who may have been injured in a car crash.

38.     Much of the officers' interactions with Daniel were recorded by in-car cameras and officer-worn body cameras. The Elk Grove Police Department has refused to release the relevant video footage.

39.     As the decedent's successors in interest, plaintiffs are entitled to damages for Daniel's conscious pain and suffering, as well as for his loss of life and loss of enjoyment of life.

40.     In addition, plaintiffs have suffered and seek damages for the loss of their familial relationships with Daniel, including loss of love, companionship, comfort, affection, society, services, solace, financial and moral support.

41.     Plaintiffs further seek compensation for damages sustained directly from Daniel's death, including funeral and burial expenses.

## VI. CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF
**Unreasonable Seizure/ Excessive Force**
**(42 U.S.C. section 1983)**
*Against Defendants Schafer, Holstad, Coleman,*
*Parker, Scott, Banks*

42.     Plaintiffs, as successors in interest, re-allege and incorporate by reference paragraphs 1 through 41, as though fully set forth herein.

43.     Defendants' actions alleged herein, including but not limited to using the Taser and placing Daniel face down with weight on his back such that he could not breath, were unreasonable and excessive uses of force. That conduct violated Daniel's rights protected by the Fourth Amendment of the United States Constitution.

44.     As a direct and proximate result of said acts and/or omissions by defendants, Daniel suffered injuries and damages as alleged herein. Said acts by each defendants include their being an integral participant to the uses of and the omissions include failing to take steps to intervene to prevent the use of excessive force by the other officers.

45.     The aforementioned acts and/or omissions of said defendants were willful, wanton, malicious and done with conscious or reckless disregard for the rights and safety of the decedent, thereby entitling plaintiffs to an award of exemplary and punitive damages according to proof against the individual non-entity defendants.

///

### SECOND CLAIM FOR RELIEF
### "Bane Act"
### (California Civil Code Section 52.1, et seq.)
*Against Defendants Schafer, Holstad, Coleman,*
*Parker, Scott, Banks and City of Elk Grove*

46.   Plaintiffs, as successors in interest, re-allege and incorporate by reference paragraphs 1 through 45, as though fully set forth herein.

47.   Defendants' actions as alleged herein, including but not limited to using the Taser and placing Daniel face down with weight on his back such that he could not breath, were unreasonable and excessive intentional uses of force which violated rights protected by the California State Constitution, including the rights to be free of unreasonable search and seizures. Defendants' conduct is therefore actionable under California Civil Code Section 52.1, et seq., the "Bane Act."

48.   As a direct and proximate result of said acts and/or omissions by defendants, plaintiffs suffered injuries and as alleged herein. Said acts by each defendants include their being an integral participant to the uses of and the omissions include failing to take steps to intervene to prevent the use of excessive force by the other officers.

49.   The aforementioned acts and/or omissions of said defendants were willful, wanton, malicious and done with conscious or reckless disregard for the rights and safety of the decedent, thereby entitling plaintiffs to an award of exemplary and punitive damages according to proof against the individual non-entity defendants.

50.   Defendant City of Elk Grove is liable for the wrongful acts of defendants Schafer, Holstad, Coleman, Parker, Scott and Banks pursuant to California Government Code section 815.2, subdivision (a), which provides that a public entity is liable for the injuries caused by its employees within the scope of employment if the employee's act would subject him or her to liability.

///

///

///

**THIRD CLAIM FOR RELIEF**
**Negligence/Wrongful Death**
**(California State Common Law)**
*Against Defendants Schafer, Holstad, Coleman,*
*Parker, Scott, Banks and City of Elk Grove*

51.     Plaintiffs re-allege and incorporate by reference paragraphs 1 through 50, as though fully set forth herein.

52.     Defendants, and each of them, owed plaintiffs and the decedent a duty of care. Specifically, defendants had a duty to act with reasonable care, including by using appropriate tactics, acting consistently with and not disregarding their training regarding positional asphyxia, the use of a taser, giving appropriate commands and warnings, refraining from using unreasonable force, refraining from using tactics and procedures that violate generally accepted law enforcement standards, and refraining from violating plaintiffs' and the decedent's rights under the United States and California Constitutions and as otherwise protected by law.

53.     Defendants breached their duties, proximately causing injuries and damages to the decedent and plaintiffs as alleged herein. As a direct and foreseeable result of defendants' negligent acts or omissions, the decedent and plaintiffs suffered injuries and damages as alleged herein.

54.     Defendants' conduct was carried out with malice and a willful and conscious disregard for the rights and safety of the decedent and plaintiffs.

55.     Defendant City of Elk Grove is liable for the wrongful acts of defendants Schafer, Holstad, Coleman, Parker, Scott and Banks pursuant to California Government code section 815.2, subdivision (a), which provides that a public entity is liable for the injuries caused by its employees within the scope of employment if the employee's act would subject him or her to liability.

///

///

///

Landeros-Complaint                                                                                    9

1
2
3

**FOURTH CLAIM FOR RELIEF**
**Battery / Wrongful Death**
**(California State Common Law)**
*Against Defendants Schafer, Holstad, Coleman,*
*Parker, Scott, Banks and City of Elk Grove*

4
5

56.     Plaintiffs re-allege and incorporate by reference paragraphs 1 through 55, as though fully set forth herein.

6
7
8
9

57.     The conduct of defendants Schafer, Holstad, Coleman, Parker, Scott and Banks in using the unreasonable and excessive force as alleged herein including placing weight for an extended time on the face and chest  down decedent as well as their use of a taser was wrongful, intentional and unwelcome bodily contact, constituting battery.

10
11
12

58.     As a direct and proximate result of said acts and/or omissions by defendants, the decedent and plaintiffs suffered the injuries alleged herein, entitling them to damages for wrongful death and loss of life and enjoyment of life.

13
14
15
16

59.     The aforementioned acts and/or omissions of said individual defendants were willful, wanton, malicious and done with conscious or reckless disregard for the rights and safety of the decedent, thereby entitling plaintiffs to an award of exemplary and punitive damages according to proof against the individual non-entity defendants.

17
18
19
20
21

60.     Defendant City of Elk Grove is liable for the wrongful acts of defendants Schafer, Holstad, Coleman, Parker, Scott and Banks pursuant to California Government code section 815.2, subdivision (a), which provides that a public entity is liable for the injuries caused by its employees within the scope of employment if the employee's act would subject him or her to liability.

22
23
24

**FIFTH CLAIM FOR RELIEF**
**Municipal Liability - Ratification**
**(42 U.S.C. § 1983)**
*Against Defendant City of Elk Grove*

25
26

61.     Plaintiffs, as successors in interest, re-allege and incorporate by reference paragraphs 1 through 60, as though fully set forth herein.

27
28

///

///

62.    The conduct of defendants Schafer, Holstad, Coleman, Parker, Scott and Banks deprived the decedent and plaintiffs of their particular rights under the United States Constitution.

63.    The details of the incident as alleged herein became known to authorized policy makers within the City of Elk Grove such that the City and its authorized policy makers had actual or constructive knowledge that the uses of force and surrounding circumstances were not justified and constituted unlawful conduct and unconstitutional uses of unreasonable, excessive and deadly force.

64.    Notwithstanding such knowledge, defendant City of Elk Grove specifically approved, tolerated and/or ratified the officers' conduct by determining the uses of force, including the weight placed on descendent while restrained chest down and their use of a taser, were reasonable, justified and within policy. Defendant City of Elk Grove made a deliberate choice to endorse the conduct and tactics used by the officers and, by doing so, have ratified their unconstitutional acts.

65.    Defendant City of Elk Grove acted with an intentional, reckless and callous disregard of the constitutional rights of Daniel and thereby directly and proximately caused the injuries and damages (or nominal damages) suffered by plaintiffs as alleged herein.

66.    The conduct of defendant City of Elk Grove was willful, wanton, oppressive, malicious, fraudulent and extremely offensive and unconscionable to any person of normal sensibilities, entitling plaintiffs to an award of punitive damages according to proof against the individual non-entity defendants.

### SIXTH CLAIM FOR RELIEF
**Municipal Liability – Failure to Train and/or Supervise**
**(42 U.S.C. § 1983)**
*Against Defendant City of Elk Grove*

67.    Plaintiffs, as successors in interest, re-allege and incorporate by reference paragraphs 1 through 66, as though fully set forth herein.

68.    The conduct of defendants Schafer, Holstad, Coleman, Parker, Scott and Banks deprived Daniel of particular rights under the United States Constitution.

69.     Defendant City of Elk Grove failed to properly and adequately train and/or supervise defendants regarding the use of physical force, less than lethal force and lethal force. In particular there was a failure to train regarding positional asphyxia's lethal consequences, safe use of a Taser and in dealing with the mentally ill.

70.     Defendant City of Elk Grove was deliberately indifferent to the obvious consequences of its total failure to train and/or to supervise officers.

71.     The failure of the City of Elk Grove to provide adequate training and/or supervision caused the deprivation of Daniel's rights by defendants and is so closely related to the deprivation of rights as to be the moving force that caused the ultimate injuries.

72.     The City of Elk Grove acted with intentional, reckless and callous disregard of the constitutional rights of Daniel and thereby directly and proximately caused the injuries and damages suffered by plaintiffs as alleged herein.

### SEVENTH CLAIM FOR RELIEF
**Substantive Due Process – Loss of Family Relationships**
**(42 U.S.C. § 1983)**
*Against Defendants Schafer, Holstad, Coleman,*
*Parker, Scott, and Banks*

73.     Plaintiffs re-allege and incorporate by reference paragraphs 1 through 72, as though fully set forth herein.

74.     The conduct of the defendants as alleged herein, including but not limited to the excessive and deadly force used upon Daniel, caused his untimely and wrongful death and deprived the plaintiffs of their liberty interests in a family relationship with him, in violation of their substantive due process rights as guaranteed by the Fourteenth Amendment to the United States Constitution.

75.     As a direct and proximate result of said acts and/or omissions by defendants, decedent suffered injuries and damages (or nominal damages) as alleged herein.

76.     The aforementioned acts/and or omissions of said defendants were willful, wanton, malicious and done with conscious or reckless disregard for the rights and safety

1  of the decedent, thereby entitling plaintiffs to an award of exemplary and punitive damages

2  according to proof against the individual non-entity defendants.

3        77.    The officers had sufficient time to deliberate the nature and probable

4  consequences of their actions and were deliberately indifferent to the consequences of

5  restraining a person for several minutes with weight upon them.

6  **VIII. PRAYER FOR RELIEF**

7        WHEREFORE, plaintiffs pray for the following relief:

8        1.    For compensatory, general and special damages against each defendant,

9  jointly and severally, in the amount proven at trial;

10        2.    For punitive and exemplary damages against each non-governmental

11  defendant in an amount appropriate to punish that defendant and deter others from

12  engaging in similar misconduct, as allowed by law;

13        3.    For such other relief, including injunctive and/or declaratory relief, as the

14  Court may deem proper; and

15        4.    For costs of suit and costs and reasonable attorneys' fees pursuant to 42

16  U.S.C. section 1988 and as otherwise authorized by statute or law.

17

18  Dated: December 11, 2017                    Respectfully submitted,

19

20                                  /s/ Stewart Katz

                                STEWART KATZ,

21                                  Attorney for Plaintiffs

22

23

24  **DEMAND FOR TRIAL BY JURY**

25        Plaintiffs hereby demand trial by jury.

26

27  Dated: December 11, 2017                    /s/ Stewart Katz

                                STEWART KATZ,

28                                  Attorney for Plaintiffs