Bruce D. Praet, SBN 119430
FERGUSON, PRAET & SHERMAN
A Professional Corporation
1631 East 18th Street
Santa Ana, California 92705
(714) 953-5300 Telephone
(714) 953-1143 Facsimile
BPraet@aol.com

Attorneys for Defendants

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JENNIFER LANDEROS, et al., | NO. 2:17-cv-02598 KJM CKD |
| Plaintiffs, | |
| vs. | **STIPULATION AND PROTECTIVE ORDER** |
| SAMUEL SCHAFER, et al., | |
| Defendants. | |

To expedite the flow of discovery materials, to facilitate the prompt exchange of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that only materials that the parties and third-parties are entitled to keep confidential are subject to such treatment, and to ensure that the parties are permitted reasonably necessary uses of such materials in preparation for and in the conduct of trial, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, it is hereby stipulated by and between the parties by their respective counsel:

1

1. Documents designated as "Confidential" or "Confidential – Counsel Only" (hereinafter collectively "Protected Information"), and produced by parties to this action, are subject to this Protective Order.

2. "Confidential" documents shall be defined as documents from the following categories for which the designating party would be entitled to have protected from public disclosure by Court order under Rule 26(c) of the Federal Rules of Civil Procedure and the relevant case law:

    (a)    Autopsy Photos

    (b)    Medical, Mental Health and School Records of any Person

    (c)    Employment Applications

    (e)    Job Performance Evaluations

    (f)    Personnel Action Forms

    (g)    Pay Information

    (h)    Next of Kin Notifications

    (i)    Any Psychological Evaluations or Re-Evaluations

    (j)    Information about Internal Affairs Complaints and any Investigation of those Complaints regarding other Incidents Unrelated to this Case

    (k)    Contact or Personal Information Pertaining to any Third Party Non-Law Enforcement Witness or Interviewee

    (l)    Any individual's Financial Information

3. "Confidential – Counsel Only" documents shall be defined as "Confidential" documents, as defined in paragraph 2, that also contain sensitive personal information, including, for example, personnel records and medical records.

4. Protected Information shall be used solely in connection with the civil case of *Jennifer Landeros, et al. v. Samuel Schafer*, *et al.*, Case No. 2:17-CV-02598 KJM CKD, and in the preparation of trial of this case, or any related proceeding. Nothing in this Order shall limit or prevent Protected Information from being used in any deposition or other proceeding in this action. In the event that Protected Information is used in any deposition or other proceeding it shall not lose its confidential status through such use. If any Protected Information is used in a deposition then arrangements shall be made with the court reporter to separately bind such portions of the transcript containing information designated as "CONFIDENTIAL" and to label such portions appropriately.

5. A party producing the documents and materials described above may designate those materials by affixing a mark labeling them as "Confidential" or "Confidential – Counsel Only." If any Protected Information cannot be labeled with the aforementioned marking, those materials shall be placed in a sealed envelope or other container that is in turn marked with the appropriate designation in a manner agreed upon by the disclosing and requesting parties.

/ / /

6. Protected Information designated under this Protective Order as "Confidential" may only be disclosed to the following persons:

a) Counsel for the parties;

b) Paralegal, clerical, and secretarial personnel regularly employed by counsel referred to in subpart (a) directly above, including stenographic deposition reporters or videographers retained in connection with this action;

c) Court personnel including stenographic reporters or videographers engaged in proceedings as are necessarily incidental to the preparation for the trial of the civil action;

d) Any expert or consultant retained in connection with this action;

e) The finder of fact at the time of trial, subject to the court's rulings on in limine motions and objections of counsel; and

f) The parties, to the extent reasonably necessary to assist their counsel in this litigation or for their counsel to advise them with respect to the litigation.

7. Protected Information designated under this Protective Order as "Confidential – Counsel Only" may only be disclosed to the following persons:

a) Outside counsel for the parties;

b) Paralegal, clerical, and secretarial personnel regularly employed by counsel referred to in subpart (a) directly above, including stenographic deposition reporters or videographers retained in connection with this action;

///

c) Court personnel including stenographic reporters or videographers engaged in proceedings as are necessarily incidental to the preparation for the trial of the civil action;

d) Any expert or consultant retained in connection with this action; and

e) The finder of fact at the time of trial, subject to the court's rulings on in limine motions and objections of counsel.

8. If any party intends to use Protected Information in a Court filing, at least seven (7) days notice shall be given to all parties identifying the Protected Information that the party intends to utilize. In the event that a party believes the Protected Information intended to be used should be filed under seal, then it shall be the burden of the party desiring that the material be filed under seal to make that request to the Court. The parties shall comply with the requirements of Eastern District Local Rule 141. The Parties agree a request to file under seal or remove the designation of Protected Information may be heard on shortened time and/or by telephone conference under the applicable sealing standard.

9. The designation of information as Protected Information, and the subsequent production thereof, is without prejudice to the right of any party to oppose the admissibility of the designated information.

10. A nonparty producing information or material voluntarily or pursuant to a subpoena or a court order may designate such material or information as Protected Information pursuant to the terms of this Protective Order. The signatories to this

Protective Order will treat such information as Protected Information to the same extent as if it had been produced by a party.

11. A party may apply to the Court for an order that information designated as Protected Information pursuant to this Protective Order is not, in fact, "Confidential," or appropriately designated as "Confidential – Counsel Only." Prior to so applying, the party seeking to reclassify Protected Information shall meet and confer with the producing party. Until the matter is resolved by the parties or the Court, the Protected Information in question shall continue to be treated according to its designation under the terms of this Protective Order. The producing party shall have the burden of establishing the propriety of the "Confidential" or "Confidential – Counsel Only" designation. A party shall not be obligated to challenge the propriety of a confidentiality designation at the time made, and a failure to do so shall not preclude a subsequent challenge thereto.

12. Each person to whom disclosure is made, with the exception of counsel, and its paralegal, clerical, and secretarial personnel, who are presumed to know the contents of this Protective Order, shall, prior to the time of disclosure, be provided by the person furnishing him or her such material, a copy of this Protective Order. Each person to whom disclosure is made shall agree on the record or in writing that he/she has read the Protective Order and he/she understands the provisions of the Protective Order. Such person must also consent to be subject to the jurisdiction of the United States District Court, Eastern District of California, with respect to any

proceeding related to enforcement of this Protective Order, including without limitation, any proceeding for contempt. Provisions of this Protective Order, insofar as they restrict disclosure and use of the material, shall be in effect until further order of this Court.

13. After the conclusion of this litigation, all documents, in whatever form stored or reproduced, containing Protected Information will remain confidential and subject to this Protective Order. The conclusion of this litigation means a termination of the case following applicable post-trial motions, appeal and/or retrial. After the conclusion of this litigation, all Protected Information received under the provisions of this Protective Order, including copies made, shall be destroyed, or tendered back to the attorneys for the party or parties producing the documents. The parties will also take all reasonable and necessary steps to ensure that persons to whom they disclose another party's Protected Information destroy or return the Protected Information to the producing party.

Dated: August 2, 2018                    FERGUSON, PRAET & SHERMAN
                                         A Professional Corporation

                                         By:___/s/ Bruce D. Praet_____
                                         Bruce D. Praet, Attorneys for
                                         Defendants

Dated: August 2, 2018                    LAW OFFICE OF STEWART KATZ.

                                         By: ___/s/ Stewart Katz_____
                                         Stewart Katz, Attorneys for
                                         Plaintiffs

///

| | |
|---|---|
| Dated: August 2, 2018 | Law Offices of DALE K. GALIPO |
| | By: /s/ Melanie Partow |
| | Melanie Partow, Attorneys for Plaintiffs |

**ORDER**

Pursuant to the stipulation of the parties, IT IS HEREBY ORDERED that:

1. The protective order is entered.

2. The parties are advised that pursuant to the Local Rules of the United States District Court, Eastern District of California, any documents which are to be filed under seal will require a written request which complies with Local Rule 141; and,

3. The party making a request to file documents under seal shall be required to show good cause for documents attached to a non-dispositive motion or compelling reasons for documents attached to a dispositive motion. Pintos v. Pacific Creditors Ass'n, 605 F.3d 665, 677-78 (9th Cir. 2009).

4. Prior to filing any motion related to this stipulated protective order or other discovery motion, the parties shall first exhaust informal meet-and-confer efforts and otherwise comply with Local Rule 251.

5. Nothing in this order limits the testimony of parties or non-parties, or the use of certain documents, at any court hearing or trial—such determinations will only be made by the court at the hearing or trial, or upon an appropriate motion.

6. Pursuant to Local Rule 141.1(f), the court will not retain jurisdiction over

enforcement of the terms of this stipulated protective order after the action is terminated.

IT IS SO ORDERED.

Dated: August 6, 2018

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE