UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JENNIFER LANDEROS, et al., | No. 2:17-cv-02598-KJM-CKD |
| Plaintiffs, | |
| v. | ORDER SETTING SETTLEMENT CONFERENCE |
| SAMUEL SCHAFER et al., | |
| Defendants. | |

Plaintiffs are proceeding through counsel in this federal civil rights action filed pursuant to 42 U.S.C. §1983.  The court has determined that this case will benefit from a settlement conference.  Therefore, this case will be referred to Magistrate Judge Dennis M. Cota to conduct a settlement conference on May 13, 2020 at 1:30 p.m.  The settlement conference will be conducted by remote means.  Parties will be required to appear by video conference.

In accordance with the above, IT IS HEREBY ORDERED that:

1. This case is set for a settlement conference before Magistrate Judge Dennis M. Cota on May 13, 2020 at 1:30 p.m.  The settlement conference will be conducted by remote means and parties are required to appear by video conference.  The court will provide video conference connection instructions separately at a later date.

2. A representative with full and unlimited authority to negotiate and enter into a binding

1

settlement on the defendants' behalf shall attend in person[1].

3.  Those in attendance must be prepared to discuss the claims, defenses and damages. The failure of any counsel, party or authorized person subject to this order to appear in person may result in the imposition of sanctions.  In addition, the conference will not proceed and will be reset to another date.

4.  Parties are directed to submit confidential settlement statements no later than May 6, 2020 to dmcorders@caed.uscourts.gov.  Parties are also directed to file a "Notice of Submission of Confidential Settlement Statement" (See L.R. 270(d)).

Settlement statements **should not be filed** with the Clerk of the Court **nor served on any other party**.  Settlement statements shall be clearly marked "confidential" with the date and time of the settlement conference indicated prominently thereon.

The confidential settlement statement shall be **no longer than five pages** in length, typed or neatly printed, and include the following:

a.  A brief statement of the facts of the case.

b.  A brief statement of the claims and defenses, i.e., statutory or other grounds upon which the claims are founded; a forthright evaluation of the parties' likelihood of prevailing on the claims and defenses; and a description of the major issues in dispute.

c.  A summary of the proceedings to date.

---

[1] While the exercise of its authority is subject to abuse of discretion review, "the district court has the authority to order parties, including the federal government, to participate in mandatory settlement conferences…." United States v. United States District Court for the Northern Mariana Islands, 694 F.3d 1051, 1053, 1057, 1059 (9th Cir. 2012)("the district court has broad authority to compel participation in mandatory settlement conference[s]."). The term "full authority to settle" means that the individuals attending the mediation conference must be authorized to fully explore settlement options and to agree at that time to any settlement terms acceptable to the parties.  G. Heileman Brewing Co., Inc. v. Joseph Oat Corp., 871 F.2d 648, 653 (7th Cir. 1989), cited with approval in Official Airline Guides, Inc. v. Goss, 6 F.3d 1385, 1396 (9th Cir. 1993). The individual with full authority to settle must also have "unfettered discretion and authority" to change the settlement position of the party, if appropriate.  Pitman v. Brinker Int'l., Inc., 216 F.R.D. 481, 485-86 (D. Ariz. 2003), amended on recon. in part, Pitman v. Brinker Int'l., Inc., 2003 WL 23353478 (D. Ariz. 2003).  The purpose behind requiring the attendance of a person with full settlement authority is that the parties' view of the case may be altered during the face to face conference.  Pitman, 216 F.R.D. at 486. An authorization to settle for a limited dollar amount or sum certain can be found not to comply with the requirement of full authority to settle.  Nick v. Morgan's Foods, Inc., 270 F.3d 590, 596-97 (8th Cir. 2001).

1

2        d.  An estimate of the cost and time to be expended for further discovery, pretrial, and

3             trial.

4        e.  The relief sought.

5        f.  The party's position on settlement, including present demands and offers and a

6             history of past settlement discussions, offers, and demands.

7        g.  A brief statement of each party's expectations and goals for the settlement

8             conference, including how much a party is willing to accept and/or willing to pay.

9        h.  If the parties intend to discuss the joint settlement of any other actions or claims

10             not in this suit, give a brief description of each action or claim as set forth above,

11             including case number(s) if applicable.

12  Dated:  April 22, 2020

13                                   _____
                                  CAROLYN K. DELANEY

14                                  UNITED STATES MAGISTRATE JUDGE

15

16

17

18

19

20

21

22

23

24

25

26

27

28