LAW OFFICE OF DALE K. GALIPO
DALE K. GALIPO, SBN 144074
21800 Burbank Blvd., Suite 310
Woodland Hills, CA 91367
Telephone: (818) 347-3333

LAW OFFICE OF STEWART KATZ
STEWART KATZ, SBN 127425
555 University Avenue, Suite 270
Sacramento, California 95825
Telephone: (916) 444-5678

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JENNIFER LANDEROS, et al., <br><br> Plaintiffs, <br><br> v. <br><br> SAMUEL SCHAFER; et al., <br><br> Defendants. | Case No. 2:17-cv-02598-KJM-CKD <br><br> *Honorable Kimberly J. Mueller* <br><br> **PLAINTIFFS' MOTION *IN LIMINE* NO. 2 TO EXCLUDE EVIDENCE OR REFERENCES TO DECEDENT'S TATTOOS OR ALLEGED GANG AFFILIATION** <br><br> [*Proposed Order filed concurrently*] <br><br> Trial: November 2, 2020 <br> Time: 1:30 p.m. |

2:17-cv-02598-KJM-CKD

PLAINTIFFS' MOTION *IN LIMINE* NO. 2 TO EXCLUDE EVIDENCE OR REFERENCES TO DECEDENT'S PRIOR CRIMINAL HISTORY OR CONTACTS WITH LAW ENFORCEMENT

**TO DEFENDANTS AND TO THEIR ATTORNEYS OF RECORD AND THIS HONORABLE COURT,**

**PLEASE TAKE NOTICE THAT** that Plaintiffs hereby move *in limine* for an order excluding any evidence, testimony, argument, or reference at trial to Daniel Landeros' ("Decedent") tattoos and alleged gang affiliation under Federal Rules of Evidence 401, 402, 403, and 404.

This Motion is based on this Notice of Motion, the Memorandum of Points and Authorities, the records and files of this Court, and upon such other oral and documentary evidence as may be presented at the time of the hearing.

DATED: October 13, 2020     **LAW OFFICES OF DALE K. GALIPO**
                            **LAW OFFICE OF STEWART KATZ**

                            By     */s/ Dale K. Galipo*
                                Dale K. Galipo
                                Stewart Katz
                                *Attorneys for Plaintiffs*

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

This case arises out of Elk Grove Police Department officers' detainment and use of force against Decedent Daniel Landeros on November 30, 2016, near Elk Grove Boulevard in the City of Elk Grove, which resulted in his death. The Plaintiffs in this case are Decedent's wife, Jennifer Landeros; Decedent's daughter, Deja Landeros; Decedent's daughter, B.M.L.; Decedent's son, T.D.L.; Decedent's son, D.F.L; and Decedent's son, J.J.L ("Plaintiffs"). Plaintiffs contend that Defendant Officers Samuel Schafer, Steven Holstad, Daniel Coleman, Justin Parker, Patrick Scott, and Jeremy Banks ("Defendant Officers") used excessive and unreasonable force against Decedent and were negligent in their tactical conduct and decisions and their use of force, causing his death. After being involved in a vehicle collision that caused observable injuries on Decedent, Decedent was tased in the abdomen while Decedent was moving away from Officers Schafer and Holstad. After falling to the ground from the effects of the TASER, Officers Schafer and Holstad placed Decedent in a prone position, handcuffed him, and used their weight to hold him down. Although Decedent was handcuffed, injured, struggling to breathe while on the ground, and repeatedly asking to be let up, the officers continued to use their weight to hold Decedent down in a prone position. Officers Coleman, Parker, Scott, and Banks subsequently assisted Officers Schafer and Holstad by either using their weight to hold Decedent down or integrally participating in Decedent's restraint. After several minutes of being held prone with the weight of at least four officers on his back, Decedent made his last audible sound and stopped moving. Although it appeared that Decedent had lost consciousness and was no longer resisting, the officers continued to use their weight to hold him down, forcing Decedent's nose and mouth to be pressed against the ground, obstructing his upper airway. It was only after Officer Coleman observed Decedent turning blue did the officers roll Decedent

1  onto his side and attempt to provide Decedent with medical aid. Decedent died as a
2  result of the restraint. At all times, Decedent was unarmed and never verbally
3  threatened anyone or punched anyone. At the time of the incident, the officers did not
4  know Decedent nor had any information regarding Decedent's background.
5       Plaintiffs seek to exclude evidence, testimony, argument, or reference to
6  Decedent's tattoos and alleged gang affiliation, both of which were unknown to
7  Defendant Officers at the time of the incident or not considered by Defendant
8  Officers in their decision to use force and restrain Decedent and have no bearing as
9  to the issue of compensatory damages. Plaintiffs anticipate that Defendants will
10 attempt to introduce inflammatory evidence of Decedent's tattoos and alleged gang
11 affiliation for the purpose of unduly prejudicing Plaintiffs and misleading the jury
12 into thinking that such evidence can be used to justify Defendant Officers' use of
13 force or reduce Plaintiffs' compensatory damages.  Decedent had tattoos on his
14 chest and abdomen, which were covered up by the t-shirt he was wearing at the time
15 of the incident, and a tattoo with the name of his daughter on his forearm. In this
16 case, Defendant Officers do not claim to have used force against Decedent because
17 he had tattoos, because they had identified any of Decedent's tattoos as gang
18 affiliated, or because they believed him to be a gang member. Further, Defendant
19 Officers knew nothing about Mr. Decedent prior to this incident and thus did not
20 have any information as to any alleged gang affiliation. Lastly, any evidence
21 regarding alleged gang affiliation predates Decedent's relationship with his wife and
22 the birth of his children and there is no evidence to support that Decedent was
23 affiliated with any gang after he married his wife. Accordingly, any arguments,
24 evidence, or references pertaining to Decedent's tattoos and alleged gang affiliation
25 should be excluded at trial.
26 //
27 //
28

## II. ARGUMENT

### A. Evidence of Decedent's Tattoos and Alleged Gang Affliation are not Relevant

Federal Rules of Evidence ("FRE"), Rule 401, defines "relevant evidence" as evidence having any tendency to make the existence of any fact that is of consequence to the determination or the action more probable or less probable than it would be without the evidence. To be relevant, evidence must "make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 402. Plaintiffs submit that any evidence, argument, or references regarding Decedent's tattoos and alleged gang affiliation would be irrelevant and speculative under FRE 401, 402, and should thus be excluded from all phases of the trial in this matter.

The key issue in this case is whether Defendant Officers' use of force and restraint against Decedent was excessive and unreasonable under the objective circumstances facing the officers at the time of the incident. Decedent's tattoos simply have no bearing on any issue in this case. Under *Graham v. Connor*, 490 U.S. 386, 397 (1989), "the question is whether the officers' actions are 'objectively reasonable' in light of the facts and circumstances confronting them." "The clarity of hindsight cannot provide the standard for judging the reasonableness of police decisions." *Tennessee v. Garner*, 471 U.S. 1, 26 (1985). The fact that Decedent had tattoos or was allegedly affiliated with a gang in his past does not justify Defendant Officers' conduct and does not make it any more or less probable that the Defendant Officers used excessive force. Furthermore, Defendant Officers do not claim to have detained, retrained or used force against Decedent because he had tattoos and Defendant Officers do not allege that they believed Decedent to be gang affiliated at the time of the incident. Defendant Officers had no contact with Decedent prior to the incident giving rise to this lawsuit. Accordingly, whether Decedent had tattoos

or was gang affiliated in his past did not factor into Defendant Officers' decision to use excessive and unreasonable force and is thus irrelevant to liability.

Moreover, any evidence regarding Decedent's tattoos or alleged gang affiliation has no bearing on Plaintiffs' damages. Any implication that any of Decedent's tattoos are gang affiliated or that Decedent was affiliated with a gang at the time of the incident is purely speculative. The only evidence pertaining to gang affiliation is a gang-related enhancement for a 1996 charge that was ultimately dismissed. Decedent and his wife married in1998 and had their first child in 1999. There is no evidence of any gang affiliation after the 1996 conviction and thus no evidence that any alleged gang affiliation in Decedent's past affected his relationship with his wife and children. Accordingly, any evidence pertaining to Defendants' tattoos or alleged past gang affiliation is also irrelevant to damages.

**B. Evidence Decedent's Tattoos and Alleged Gang Affiliation are Unfairly Prejudicial**

Alternatively, this evidence should be excluded under FRE 403. Rule 403 excludes evidence the probative value of which is substantially outweighed by the danger of unfair prejudice, confusing the issues, misleading the jury, or an undue consumption of time. Fed. R. Evid. 403. "[U]nfair prejudice means [an] undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." *U.S. v. Hankey*, 203 F.3d 1160, 1172 (9th Cir. 2000). As set forth above, there is no probative value to evidence regarding Decedent's tattoos or alleged gang affiliation. Any marginally probative value of Defendants' speculation about Decedent's tattoos or alleged gang affiliation would be clearly outweighed by the danger of unfair prejudice and would also be a waste of time. Accordingly, Plaintiffs respectfully request that this Honorable Court exclude evidence, testimony, argument, or reference regarding Decedent's tattoos or alleged gang affiliation under FRE 403 in addition to or in the alternative to

excluding this information under FRE 401, 402.

## III. CONCLUSION

For the foregoing reasons Plaintiffs respectfully request that this Court enter an Order excluding all information and referecnces to Decedent's tattoos and alleged gang affiliation at trial. Should the Court be inclined to admit some evidence of tattoos or alleged gang affiliation, Plaintiffs reserve the right to move for bifurcation of trial.

Respectfully submitted,

DATED:  October 13, 2020          **LAW OFFICES OF DALE K. GALIPO**
                                  **LAW OFFICE OF STEWART KATZ**


                                  By        *s/ Dale K. Galipo*
                                        Dale K. Galipo, Esq.
                                        Stewart Katz, Esq.
                                        *Attorneys for Plaintiffs*