1

2

3

4

5

6

7

8              UNITED STATES DISTRICT COURT

9          FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   Jennifer Landeros, et al.,                    No. 2:17-cv-02598-KJM-CKD

12                  Plaintiffs,                     ORDER

13        v.

14   Samuel Schafer, et al.,

15                  Defendants.

16

17        Daniel Landeros died in police custody after a car accident.  *See* Joint Pretrial Stmt. at 2,

18   ECF No. 26.  The plaintiffs brought this action against the City of Elk Grove and several of the

19   police officers who were on the scene at his death.  *See generally* Compl., ECF No. 1.  They

20   allege the officers used excessive force to restrain him and made negligent tactical decisions

21   which led to his death by asphyxiation.  *See* Joint Pretrial Stmt. at 2–3.  They seek damages as his

22   survivors and for his wrongful death, including punitive damages, among other relief.  *See* Final

23   Pretrial Order at 4–5, ECF No. 36; Compl. at 13.  The city and its officers defend the force as

24   reasonable and argue Landeros died of an unrelated heart attack.  *See* Joint Pretrial Stmt. at 3.

25        A trial is scheduled to begin in about two months.  *See* Min. Order, ECF No. 64.  The

26   parties expect to devote four or more days to evidence related to the defendants' potential liability

27   and one or two days to evidence related to the plaintiffs' request for damages.  *See* Defs.' Trial

28   Br. at 5–6, ECF No. 62; Pls.' Tr. Br. at 9.  The defendants have moved to bifurcate the trial into

1

1   two phases: one for liability, and one for damages.  *See generally* Defs.' Trial Br.  The plaintiffs

2   oppose that motion.  *See generally* Pls.' Tr. Br.

3         A district court may "order a separate trial of one or more separate issues" if it concludes

4   that doing so would be convenient, "avoid prejudice," or "expedite and economize" the

5   proceedings.  Fed. R. Civ. 42(b).  "Absent some experience demonstrating the worth of

6   bifurcation," however, "'separation of issues for trial is not to be routinely ordered.'"  *Hamm v.*

7   *Am. Home Prods. Corp.*, 888 F. Supp. 1037, 1039 (E.D. Cal. 1995) (quoting Fed. R. Civ. P. 42

8   Advisory Committee Notes to the 1966 Amendment).  The party who moves to bifurcate a trial

9   has the "burden of proving that the bifurcation will promote judicial economy and avoid

10  inconvenience or prejudice to the parties."  *Spectra-Physics Lasers, Inc. v. Uniphase Corp.*,

11  144 F.R.D. 99, 101 (N.D. Cal. 1992).  The decision is left to the district court's discretion.

12  *Exxon Co. v. Sofec, Inc.*, 54 F.3d 570, 575 (9th Cir. 1995), *aff'd on a separate question*,

13  517 U.S. 830 (1996).

14        The defendants argue a bifurcated trial could save time.  If the jury concludes the

15  defendants are not liable, then it would not need to make any decisions about the plaintiffs'

16  damages.  *See* Defs.' Tr. Br. at 5–6.  At most, however, only a day or two could be saved.

17  Neither party expects it would take any longer than that to present damages evidence.  This

18  modest time savings is also less than certain.  Some evidence, such as forensic medical testimony

19  and video or audio recordings of the events leading up to Landeros's death, is likely relevant to

20  both the defendants' culpability and the value of any damages award.  This potential overlap

21  weighs "in favor of one slightly longer trial."  *Matsushita Elec. Indus. Co., Ltd. v. CMC*

22  *Magnetics Corp.*, No. 06-04538, 2007 WL 219779, *2 (N.D. Cal. Jan. 29, 2007).

23        The defendants also argue that if jurors hear evidence about both liability and damages in

24  the same part of the trial, they could be swayed inappropriately by sympathy for Landeros's wife

25  and children.  *See* Def. Tr. Br. at 6.  In addition, the defendants expect to present unflattering

26  evidence about Landeros's criminal and employment history and drug use in opposing the

27  plaintiffs' request for damages.  *See id.* at 6–7.  They argue a bifurcated trial would remove this

28  potentially prejudicial evidence as well.  *See id.*  The plaintiffs do not share the defendants'

2

1   concerns.  *See* Pls.' Tr. Br. at 8–9.  In any event, "the court is not persuaded that the jury in this

2   case will be unable or unwilling to distinguish between evidence pertaining to liability or

3   culpability and evidence pertaining to the measure of damages. . . . [A]ny concerns about

4   potential prejudice . . . may be directly addressed, and the prejudice cured, with appropriate

5   limiting instructions."  *Hamm*, 888 F. Supp. at 1039.

6        The motion to bifurcate is **denied**.

7        IT IS SO ORDERED.

8   DATED:  May 20, 2022.

_____
CHIEF UNITED STATES DISTRICT JUDGE