LAW OFFICE OF DALE K. GALIPO
DALE K. GALIPO, SBN 144074
21800 Burbank Blvd., Suite 310
Woodland Hills, CA 91367
Telephone: (818) 347-3333

LAW OFFICE OF STEWART KATZ
STEWART KATZ, SBN 127425
555 University Avenue, Suite 270
Sacramento, California 95825
Telephone: (916) 444-5678

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JENNIFER LANDEROS, et al., | Case No. 2:17-cv-02598-WBS-CKD |
| Plaintiffs, | *Honorable William B. Shubb* |
| v. | **PLAINTIFFS' TRIAL BRIEF ON SURVIVAL DAMAGES** |
| SAMUEL SCHAFER; et al., | |
| Defendants. | |

**TO THE HONORABLE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:**

Plaintiffs Jennifer Landeros, individually and as successor in interest to Daniel Landeros, Deceased; Deja Landeros, individually and as successor in interest to Danie Landeros, Deceased; B.M.L., individually and as successors in interest to Daniel Landeros, Deceased, by and through Jennifer Landeros, as Guardian ad Litem; J.J.L., individually and as successor in interest to Daniel Landeros, Deceased, by and through Jennifer Landeros, as Guardian ad Litem; D.F.L., individually and as successor in interest to Daniel Landeros, Deceased, by and through Jennifer Landeros, as Guardian ad Litem; and T.D.L., individually and as successor in interest to Daniel Landeros, Deceased, by and through Jennifer Landeros, as Guardian ad Litem, (collectively "Plaintiffs"), by and through their counsel of record, hereby submit the following Trial Brief on the issue of survival damages pursuant to Federal Rule of Civil Procedure 16, Local Rule 286, and the Order of this court.

## I. INTRODUCTION.

On July 5, 2022, the Court held a Further Pretrial Conference with the parties regarding trial procedures and issues. At the Further Pretrial Conference Order, the issue of survival damages was brought up including whether Plaintiffs are able to pursue loss of life and loss of enjoyment of life damages on behalf of the Decedent, Daniel Landeros. Accordingly, Plaintiffs now submit this Trial Brief regarding survival damages to show that current case law supports the entitlement of loss of life/loss of enjoyment of life survival damages in a § 1983 death case.

## II. PLAINTIFFS ARE ENTITLED TO REQUEST LOSS OF LIFE SURVIVAL DAMAGES ON BEHALF OF DECEDENT

"One of Congress's primary goals in enacting § 1983 was to provide a remedy for killings unconstitutionally caused or acquiesced by state governments." *Chaudhry v. City of Los Angeles*, 751 F.3d 1096, 1103 (9th Cir. 2014) (citing

1  *Monroe v. Pape*, 365 U.S. 167, 172-76 (1961)). "The policies underlying § 1983
2  include compensation of persons injured by deprivation of federal rights and
3  prevention of abuses of power by those acting under color of state law." *Robertson*
4  *v. Wegman*, 436 U.S. 584, 590-91 (1978). "Whether a state-law limitation on
5  damages applies in § 1983 actions depends on whether the limit is inconsistent with
6  § 1983's goals of compensation and deterrence." *Chaudhry*, 751 F.3d at 1103.

7  While California law forbids recovery for a decedent's loss of life, *see* Cal.
8  Civ. Proc. Code § 377.34, the Ninth Circuit recently held that California's limitation
9  on loss of life damages is inconsistent with the policies of § 1983. *Valenzuela v. City*
10 *of Anaheim*, 6 F.4th 1098, 1102 (9th Cir. 2021) ("We conclude that [California's
11 prohibition against recovery for loss of life] is [inconsistent], mindful that § 1983
12 was meant to be a remedial statute and should be broadly construed to provide a
13 remedy against all forms of official violation of federally protected rights" (cleaned
14 up).). The *Valenzuela* Court relied on the reasoning found in *Chaudhry v. City of*
15 *Los Angeles*, a 2014 case in which the Ninth Circuit concluded that California's bar
16 on pre-death pain and suffering damages "had the perverse effect of making it more
17 economically advantageous for a defendant to kill rather than injure his victim," and
18 therefore does not apply to § 1983 claims where the decedent's death was caused by
19 a violation of federal law because it clashed with § 1983's remedial purpose and
20 undermined its deterrence policy. *Valenzuela*, 6 F.4th at 1102 (citing *Chaudhry*, 751
21 F.3d at 1103-1105). The Court in *Chauhdry* also agreed with the reasoning in *Bell v.*
22 *City of Milwaukee*, 746 F.2d 1205 (7th Cir. 1984), in which the Seventh Circuit held
23 that Wisconsin law precluding recovery for "loss of life" damages were inconsistent
24 with the purposes of § 1983. *Chaudhry*, 751 F.3d at 1105.

25 Indeed, both before and after *Chaudhry*, California's district courts have
26 routinely refused to apply California's prohibition of loss of life damages in § 1983
27 survival actions. *See, e.g.*, *Estate of Casillas v. City of Fresno*, Case No. 1:16-CV-
28 1042 AWI-SAB, 2019 WL 2869079, at *16 (E.D. Cal. July 3, 2019); *Lemire v.*

1   *Sisto*, 2015 U.S. Dist. LEXIS 100672, at *22-*23 (E.D. Cal. Jul. 31, 2015); *Sanchez
2   v. Jiles*, 2013 WL 12242051, at *2 & n.11 (C.D. Cal. Jan. 2, 2013); *Dominguez v.
3   Cnty. of Kern*, No. 1:14-cv-0019 LJO JLT, 2014 WL 2574798, at *4 (E.D. Cal. June
4   9, 2014) (adopted by *Dominguez v. Cnty. of Kern*, No. 1:14-cv-0019 LJO JLT, 2014
5   WL 2919157 (E.D. Cal. June 26, 2014)); *T.D.W. v. Riverside Cnty.*, 2009 WL
6   2252072, at *5-7 (C.D. Cal. Jul. 27, 2009); *Garcia v. Whitehead*, 961 F. Supp. 230,
7   233 (C.D. Cal. 1997); *Williams v. County of Oakland*, 915 F. Supp. 1074 (N.D. Cal.
8   1996); *Guyton v. Phillips*, 532 F. Supp. 1154, 1167-68 (N.D. Cal. 1981).

Accordingly, the *Valenzuela* Court concluded that "[p]rohibiting loss of life damages would run afoul of § 1983's remedial purpose as much (or even more than) the ban on pre-death pain and suffering damages." 6 F.4th at 1103. The Supreme Court has underscored the principle that restrictive state survival statutes may not "subvert the policy of allowing complete vindication of constitutional rights by making it more advantageous "to kill rather than to injure." *Carlson v. Green*, 446 U.S. 14 (1980); *see also Brazier v. Cherry*, 293 F.2d 401, at 405 (5th Cir. 1961) ("With a clear congressional policy to protect the life of the living from the hazard of death caused by the unconstitutional deprivations of civil rights, where then do we find that statutory machinery to give effective redress after death?").

Additionally, in holding that California's bar on loss of life damages was not consistent with the purpose and policies of § 1983, the Ninth Circuit recognized that pre-death pain and suffering, loss of life, and wrongful death damages address different injuries. *Id.* ("One can endure pain and suffering separately from dying, while another can die painlessly and instantly…Additionally, such framework would still preclude recovery for the decedent who is penniless, without family, and killed immediately on the scene."). The Ninth Circuit also rejected the quasi-metaphysical argument that a person cannot "actually experience" the phenomenon of being dead, and that loss of life damages are too speculative because juries have never experienced death, noting that "juries are regularly asked to assess damages

without direct sensory experience of the issue before them." *Id.* Thus, in § 1983 death cases caused by a violation of federal law, like this case, plaintiffs are entitled to loss of life damages, because barring such damages would be "inconsistent with the Supreme Court's repeated reminders of § 1983's goals and remedial purpose." *Id.*

### III. CONCLUSION

For the foregoing reasons, Plaintiffs are entitled to seek loss of life/loss of enjoyment of life damages on behalf of Decedent Daniel Landeros under their federal § 1983 claim.

Respectfully submitted,

DATED: July 18, 2022  **LAW OFFICES OF DALE K. GALIPO**
**LAW OFFICE OF STEWART KATZ**

By  */s/ Dale K. Galipo*
Dale K. Galipo
Stewart Katz
*Attorneys for Plaintiffs*