UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| JENNIFER LANDEROS, individually and as successor in interest to DANIEL LANDEROS, Deceased; DEJA LANDEROS, individually and as successor in interest to DANIEL LANDEROS, Deceased; B.M.L., individually and as successor in interest to DANIEL LANDEROS, Deceased, by and through JENNIFER LANDEROS, as Guardian ad Litem; J.J.L., individually and as successor in interest to DANIEL LANDEROS, Deceased, by and through JENNIFER LANDEROS, as Guardian ad Litem; D.F.L., individually and as successor in interest to DANIEL LANDEROS, Deceased, by and through JENNIFER LANDEROS, as Guardian ad Litem; and T.D.L., individually and as successor in interest to DANIEL LANDEROS, Deceased, by and through JENNIFER LANDEROS, as Guardian ad Litem, | No. 2:17-cv-02598 WBS CKD<br><br>ORDER RE: BILL OF COSTS |
| Plaintiffs, | |
| v. | |
| SAMUEL SCHAFER; STEVEN HOLSTAD; JUSTIN PARKER; PATRICK SCOTT; JEREMY BANKS; and CITY OF ELK | |

GROVE,

          Defendants.

----oo0oo----

Defendants have filed a bill of costs, and plaintiffs have filed objections. (Docket Nos. 116, 118.)[1]

Rule 54(d)(1) of the Federal Rules of Civil Procedure and Local Civil Rule 54.1 govern the taxation of costs, which are generally subject to limits set under 28 U.S.C. § 1920. See 28 U.S.C. § 1920 (enumerating taxable costs); Fed. R. Civ. P. 54(d)(1) ("Unless a federal statute, these rules, or a court order provides otherwise, costs--other than attorney's fees--should be allowed to the prevailing party."); Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 440-45 (1987) (limiting taxable costs to those enumerated in § 1920).

The court exercises its discretion in determining whether to allow certain costs. See Amarel v. Connell, 102 F.3d 1494, 1523 (9th Cir. 1996) (district court has discretion to determine what constitutes a taxable cost within the meaning of § 1920). The losing party has the burden of overcoming the presumption in favor of awarding costs to the prevailing party. See Russian River Watershed Prot. Comm. v. City of Santa Rosa, 142 F.3d 1136, 1144 (9th Cir. 1998) (noting that the presumption "may only be overcome by pointing to some impropriety on the part of the prevailing party"); Amarel, 102 F.3d at 1523.

I.   Plaintiffs' Request to Deny All Costs

---

[1] Defendants have also filed a reply withdrawing their request for certain costs. (Docket No. 119.)

Plaintiffs argue that the court should exercise its discretion to deny all costs because of (1) the "important constitutional protections" presented by the case and the fact that it was litigated in good faith; (2) the financial disparity between the parties and plaintiffs' limited financial means, and (3) the potential chilling effect on future litigation if costs are granted.

The court first notes that financial disparity alone is insufficient to deny costs, given that even plaintiffs proceeding in forma pauperis are not per se protected from taxation of costs. See Warren v. Guelker, 29 F.3d 1386, 1390 (9th Cir. 1994). The court recognizes that plaintiff Jennifer Landeros is a single mother supporting her five children, who are also plaintiffs in this case. However, plaintiffs provide only a bare assertion that Ms. Landeros earns less than $1,000 a month and "can barely support herself and her children with her limited income and limited Social Security," without any supporting documentation. Thus, the financial disparity between the parties and plaintiffs' alleged limited financial means are not sufficient to disallow costs in this case. See, e.g., Fletes v. City of San Diego, No. 13-cv-2279-JAH(JMA), 2016 WL 6804434, at *2-3 (S.D. Cal. July 1, 2016) (requiring plaintiff to prove indigence through documentation because "mere assertions are inadequate to demonstrate indigence that would warrant relief from Plaintiff's obligation to pay costs"); Ritchie v. Haw. Dep't of Pub. Safety, No. 14-46 LEK-KJM, 2017 WL 4172500, at *3-6 (D. Haw. Aug. 23, 2017) (plaintiff's representations regarding her employment status, current salary, and state of finances were

1  insufficient, without detailed information regarding her assets,
2  to establish indigency for purposes of bill of costs).
3       The court also rejects as a ground to deny costs
4  plaintiffs' argument that this case presented important
5  constitutional protections and was litigated in good faith and
6  with a reasonable basis.  The rules and case law make it clear
7  that prevailing parties are normally entitled to their costs,
8  even though most cases are litigated in good faith, and there is
9  no blanket exception for civil rights cases.
10      The court further rejects plaintiffs' argument that
11 granting costs will chill future civil rights litigation.  It is
12 true that courts may consider that factor in deciding whether to
13 award costs.  See, e.g., Stanley v. Univ. of S. Cal., 178 F.3d
14 1069, 1080 (9th Cir. 1999) ("[T]he imposition of such high costs
15 on losing civil rights plaintiffs of modest means may chill civil
16 rights litigation . . . ."); Ass'n of Mexican-American Educators
17 v. California, 231 F.3d 572, 593 (9th Cir. 2000), (discussing
18 Stanley).  However, in the court's opinion, awarding the
19 requested costs in this case would not have a significant
20 chilling effect on civil rights litigation of this type, where
21 the requested costs are relatively low, less than $10,000, but
22 the requested recovery was several millions of dollars.[2]
23      Overall, plaintiffs have not met their burden of
24 showing that costs should not be awarded in this case, and the
25 court finds that "the reasons for denying costs are not

---

[2] Indeed, it seems likely that defendants' Bill of Costs pales in comparison to both sides' legal fees, expert witness fees, and other expenses incurred during the litigation of this case before and during trial.

4

sufficiently persuasive to overcome the presumption in favor of an award." See Save Our Valley v. Sound Transit, 335 F.3d 932, 945 (9th Cir. 2003) (district court must provide reasons for denying costs but need not do so if it grants costs, as "[t]he presumption itself provides all the reason a court needs for awarding costs"). Accordingly, the court will not deny all costs and will proceed to examine plaintiffs' specific challenges to certain items on defendant's Bill of Costs.

II.  Specific Objections

The court notes that in response to plaintiffs' objections, defendants have reduced the requested witness fee for Dr. Jason Tovar to the statutory $40 witness fee, and have withdrawn their request for $810 for deposition preparation time for defense expert George Williams. Accordingly, the court need not address plaintiffs' objections to those requested costs.

The parties continue to dispute whether defendants may recover $315.60 for Mr. Williams' deposition transcript. While it is true that defendants did not call Mr. Williams at trial, "[w]hether a transcript or deposition is 'necessary' must be determined in light of the facts known at the time the expense was incurred." Sunstone Behavioral Health, Inc. v. Alameda Cty. Med. Ctr., 646 F. Supp. 2d 1206, 1219 (E.D. Cal. 2009) (Shubb, J.) (citation omitted). Here, obtaining the transcript of Mr. Williams before trial was reasonable because he was a potential witness and it was not clear that he would not be called at trial. See Robinson v. Kia Motors Am., Inc., No. 2:10-cv-3187 SOM, 2016 WL 4474505, at *2-3 (E.D. Cal. 2016). Accordingly, the court will not disallow this cost.

After reviewing the bill, plaintiffs' objections and defendants' reply, the court finds the requested costs, as reduced by defendants' reply, to be reasonable. Accordingly, costs of $6,804.10 will be allowed for defendants and are taxed against plaintiff.

IT IS SO ORDERED.

Dated:   November 21, 2022

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE