

Chambers of
JEREMY D. PETERSON
United States Magistrate Judge

# United States District Court

Eastern District of California

Robert T. Matsui U.S. Courthouse • 501 I Street

Sacramento, CA  95814

(916) 930-4195 • jdporders@caed.uscourts.gov

Dear Settlement Conference Participant,

We are scheduled to meet at an upcoming settlement conference, at which I will be your "settlement judge," or mediator.  To make our time together as productive as possible, I am asking that each party prepare a written mediation statement in advance of our meeting.[1]  I write this letter to provide you guidance on how to make your mediation statement as effective as possible.

Before I get to that, though, I want to encourage you to take seriously this opportunity to settle your case.  Most cases settle, but many do so only after a long time.  The upcoming settlement conference could be an opportunity for you to avoid unnecessarily drawn out and expensive litigation.  But it will work only if all participants prepare thoroughly and then, at the settlement conference, work vigorously and in good faith in hopes of reaching a resolution.

To that end, each party should have candid discussions with his or her counsel in advance of the settlement conference.  Discuss both your position regarding settlement and what obstacles may stand in the way of resolution.  If any such obstacles can be avoided, please do what you can in advance of the settlement conference to see that we avoid them.

Your mediation statement should reflect your careful preparation.  Although it should not be filed on the docket, I ask that you share it with other parties.  I have no formatting requirements, but many effective mediation statements employ a letter format, single-spaced and with appropriate headings.  Less formal statements are often stronger.  Attachments are not typical, but you may include them if you feel it is necessary.  Do not submit a pre-existing pleading.  Please email your mediation statement to chambers and simultaneously to all other parties.

---

[1] If you would like to request permission not to file a written mediation statement, please (1) contact chambers immediately and (2) simultaneously inform all other parties' counsel of your request.

*Letter to Settlement Conference Participant*
*Page 2*

Know that I will review your mediation statement with attention and care. The more thought you put into it, the more effective I can be in guiding the parties toward potential settlement.

Below are my suggestions for your mediation statement:

(a) *Provide a case summary.* Include a brief summary of the facts and of the critical legal issues. If any significant issues are undisputed, please let me know. Summarize the case's procedural posture, if relevant to settlement.

(b) *Describe the history of settlement discussions.* Include any past offers or demands from any party, whether before or after the start of litigation. Please note that I require plaintiff to deliver to defendant(s) a written settlement demand, accompanied by a brief explanation of why such a demand is appropriate, before the mediation statements are submitted (i.e., no later than 14 days before the settlement conference, when the statement is due). Plaintiff's mediation statement should thus include a description of this demand. I require that defendant(s) respond with a written settlement offer, which should also be accompanied by a brief explanation, before the pre-settlement conference telephone call (i.e., no later than seven calendar days before the settlement conference). Defendants should email a copy of their written offer and explanation to my chambers when it is conveyed to the other parties (prior to the pre-settlement conference call).

(c) *Identify missing information.* If any information is "missing" and might be necessary, or even just helpful, in achieving resolution, please identify that information and explain how it might be obtained.

(d) *Identify participants.* Please identify the counsel and parties or party representatives attending the settlement conference. Take note of my requirement that all necessary players, including individuals with full authority to settle the case, be present. Additionally, please note that I sometimes invite certain individuals to assist me with or to observe a settlement conference. Such individuals may include law students or court personnel such as law clerks, interns, or externs. Any observers will be instructed on confidentiality. If you have any issue with this practice, please let me know.

(e) *Tell me if there is anything else I should know.* For example: Are there potential non-monetary solutions, or settlement terms? Might a partial solution be possible? Are there any hidden interests? Would any confidentiality provisions be appropriate in a potential settlement agreement? Are there any personal or emotional aspects of the case that I and other participants should be aware of? Are there any related cases? Have any participants had notably negative or positive prior experiences with mediation? Do you feel strongly that a particular format would work best for this settlement conference, considering that I hold both in-person and remote (Zoom) settlement conferences at my discretion? Do you feel that now is not the right time for a settlement conference?

Our court's settlement program has resulted in the resolution of many cases—including many hard-fought, complex, and long-running ones. Resolution may be possible for your case, too. I

will put my best efforts into trying to help the parties find an acceptable resolution, and I invite you to join me in this effort.

I look forward to meeting you.

Yours,

Jeremy Peterson