1  LAW OFFICE OF DALE K. GALIPO
   DALE K. GALIPO, SBN 144074
2  dalekgalipo@yahoo.com
   HANG D. LE, SBN 293450
3  hlee@galipolaw.com
   21800 Burbank Blvd., Suite 310
4  Woodland Hills, CA 91367
   Telephone: (818) 347-3333

   LAW OFFICE OF STEWART KATZ
   STEWART KATZ, SBN 127425
   555 University Avenue, Suite 270
   Sacramento, California 95825
   Telephone: (916) 444-5678

   Attorneys for Plaintiffs

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JENNIFER LANDEROS, et al., | Case No. 2:17-cv-02598-WBS-CKD |
| Plaintiffs, | *Honorable William B. Shubb* |
| v. | **PLAINTIFFS' UNOPPOSED MOTION FOR APPROVAL OF COMPROMISE OF CLAIMS OF MINOR PLAINTIFFS J.J.L. AND D.F.L.; VERIFICATION BY GUARDIAN *AD LITEM* JENNIFER LANDEROS** |
| SAMUEL SCHAFER; et al., | |
| Defendants. | |
| | [Declaration of Hang D. Le and Exhibits thereto; Propose Order *filed concurrently*] |
| | Hearing Date: January 6, 2025<br>Time: 1:30 p.m.<br>Courtroom: 5, 14th Floor |

**TO THE HONORABLE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE THAT Plaintiffs J.J.L. and D.F.L., by and through their guardian *ad litem* Jennifer Landeros, hereby move by way of this Unopposed Motion for Approval of the Compromise of Claims of Minor Plaintiffs J.J.L. and D.F.L. ("Motion") for an Order approving the settlement of Plaintiffs J.J.L. and D.F.L.'s claims and the distribution of their settlement funds.

Plaintiffs make this Motion pursuant to Eastern District Local Rule 202(b)(2). The grounds for this Motion are set forth in the Memorandum of Points and Authorities, which follows below, and the Declaration of Hang D. Le, which is submitted concurrently herewith. On November 25, 2024, Plaintiffs' counsel emailed counsel for Defendants a copy of this Motion. Defense counsel indicated that Defendants do not intend on opposing this Motion.

Respectfully submitted,

DATED: November 25, 2024            **LAW OFFICES OF DALE K. GALIPO**
                                    **LAW OFFICE OF STEWART KATZ**


                                    By            */s/ Hang D. Le*
                                          Dale K. Galipo
                                          Stewart Katz
                                          Hang D. Le
                                          *Attorneys for Plaintiffs*

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.     INTRODUCTION**

Jennifer Landeros, guardian *ad litem* for minor Plaintiffs J.J.L. and D.F.L., hereby submits this Motion and proposed order for approval of the compromise of the claims of Plaintiffs J.J.L. and D.F.L. in this matter, and request that this Honorable Court approve of the proposed distribution of Plaintiffs J.J.L. and D.F.L.'s funds.

The instant claims of Plaintiffs J.J.L. and D.F.L. arose out of the death of Plaintiffs J.J.L. and D.F.L.'s father, Daniel Landeros ("Decedent"), on November 30, 2016, during an encounter with City of Elk Grove police officers. In addition to Plaintiffs J.J.L. and D.F.L., Decedent's wife Jennifer Landeros and Decedent's adult children, Deja Landeros, Breanna Landeros, and Tristan Landeros, are also plaintiffs in this action. All Plaintiffs and Defendants have agreed to settle this case. The settlement agreement obligates Defendants to pay Plaintiffs and their attorneys of record a total sum of $1,700,000. Plaintiffs have agreed to split the settlement sum among the Plaintiffs as follows:

| | |
|---|---|
| J.J.L. and his attorneys | $283,333.34 |
| D.F.L. and his attorneys | $283,333.34 |
| Tristan Landeros and his attorneys | $283,333.33 |
| Breanna Landeros and her attorneys | $283,333.33 |
| Deja Landeros and her attorneys | $283,333.33 |
| Jennifer Landeros and her attorneys | $283,333.33 |

Le Decl. ¶ 3.

**II.     DISCUSSION**

District courts have a special duty, derived from Federal Rule of Civil Procedure 17(c), to safeguard the interests of litigants who are minors.  Rule 17(c) provides, in relevant part, that a district court must appoint a guardian *ad litem*—or issue another appropriate order—to protect a minor or incompetent person who is unrepresented in an action." Fed. R. Civ. P. 17(c).  In the context of proposed settlements in suits involving minor plaintiffs, this special duty requires a district "court [to] conduct its own inquiry to determine whether the settlement serves the best

interests of the minor." *Dacanay v. Mendoza*, 573 F.2d 1075, 1080 (9th Cir. 1978); *see also Salmeron v. United States*, 724 F.2d 1357, 1363 (9th Cir. 1983) (holding that "a court must independently investigate and evaluate any compromise or settlement of a minor's claims to assure itself that the minor's interests are protected, even if the settlement has been recommended or negotiated by the minor's parent or guardian ad litem.").

> Although the district court has a special duty to safeguard the interests of minor plaintiffs, that duty requires only that the district court determine whether the net amount distributed to each minor plaintiff in the proposed settlement is fair and reasonable, without regard to the proportion of the total settlement value designated for adult co-Plaintiffs and contracted by them with Plaintiffs' counsel. If the net recovery of each minor plaintiff under the proposed settlement is fair and reasonable, the district court should approve the settlement as proposed.

*Robidoux v. Rosengren*, 638 F.3d 1177, 1179 (9th Cir. 2011).

California Code of Civil Procedure Section 372 and California Rules of Court, rule 3.1384 refer to the requirement of court approval and incorporate other rules requiring disclosure of various pertinent facts. California Rule of Court, rule 3.1384 provides that "[a] petition for court approval of a compromise or covenant not to sue under Code of Civil Procedure Section 372 must comply with rules 7.950, 7.951, and 7.952." Pursuant to the above California rules, Plaintiffs J.J.L. and D.F.L. and their attorneys make the following disclosures:

**Disclosures pursuant to California Rule of Court 7.950:**

1. The Petitioner is Jennifer Landeros, guardian *ad litem* for minor Plaintiffs J.J.L. and D.F.L. The Petitioner is also the natural mother and legal guardian of Plaintiffs J.J.L. and D.F.L.

2. Plaintiffs J.J.L., D.F.L., Jennifer Landeros, Deja Landeros, Breanna Landeros, and Tristan Landeros are represented by the Law Offices of Dale K. Galipo and the Law Office of Stewart Katz.

3. Plaintiff J.J.L. is a minor child and the biological son of the Decedent in this case, Daniel Landeros. The minor Plaintiff J.J.L. is male. He was born in 2010. Le Decl. ¶ 4.

4. Plaintiff D.F.L. is a minor child and the biological son of the Decedent in this case, Daniel Landeros. The minor Plaintiff D.F.L. is male. He was born in 2008. Le Decl. ¶ 5.

5. The nature of Plaintiffs J.J.L. and D.F.L.'s claims in this lawsuit are set forth in the

1 operative complaint filed in this action. Pursuant to the settlement agreement, Plaintiffs J.J.L. and D.F.L.'s claims will be compromised without a trial on the merits of the claims. Le Decl. ¶ 6.

6. Plaintiffs J.J.L. and D.F.L.'s damages in this case arise from: (1) the injuries suffered by Decedent, for which Plaintiffs J.J.L. and D.F.L. can recover damages as the successors in interest; and (2) Plaintiffs J.J.L. and D.F.L.'s individual loss of Decedent's comfort, care, companionship, training, support, and guidance. Le Decl. ¶ 7.

7. Medical treatment and medical billing are not relevant. Plaintiffs J.J.L. and D.F.L. have not received medical treatment in connection with this case. Le Decl. ¶ 8.

8. The total amount of the settlement that Defendants agree to pay is $1,700,000. As set forth above, Plaintiffs propose the following gross division: (1) $283,333.34 to J.J.L. and his attorneys; (2) $283,333.34 to D.F.L. and his attorneys; (3) $283,333.33 to Tristan Landeros and his attorneys; (4) $283,333.33 to Breanna Landeros and her attorneys; (5) $283,333.33 to Deja Landeros and her attorneys; and (6) $283,333.33 to Jennifer Landeros and her attorneys. Le Decl. ¶ 9

9. Plaintiffs' attorneys—the Law Offices of Dale K. Galipo and the Law Office of Stewart Katz—are requesting reimbursement of advanced litigation costs in the total amount of $73,886.07. The costs will be split among the Plaintiffs on a *pro rata* basis with their gross settlement allocation, such that Plaintiffs' attorneys are requesting $12,314.34 in costs from the gross settlement proceeds allocated to Plaintiff J.J.L. and $12,314.34 in costs from the gross settlement proceeds allocated to Plaintiff D.F.L. Thus, the total amount Plaintiffs' attorneys seek in reimbursement for advanced litigation costs from Plaintiffs J.J.L. and D.F.L. is $24,628.68. Le Decl. ¶ 9.

10. Plaintiffs' attorneys are requesting also attorneys' fees in the amount of forty (40) percent of the settlement proceeds allocated to Plaintiff J.J.L., which is $113,333.34. Plaintiffs' attorneys are also requesting attorneys' fees in the amount of forty (40) percent of the settlement proceeds allocated to Plaintiff D.F.L., which is $113,333.34. The contingency retainer agreement between Plaintiffs J.J.L. and D.F.L.'s guardian *ad litem* and Plaintiffs' attorneys provide for a forty (40) percent contingency fee. ¶ 10.

1       These are the amounts that would be due to the Law Offices of Dale K. Galipo and the Law Office of Stewart Katz would be due under the existing contingency fee retainer agreement. This case involved a substantial amount of risk, was challenging, and required significant background in § 1983 litigation. Significant time and resources were required to litigate this case and to bring the case to a position of settlement after receiving a defense verdict at trial. Additionally, after initially receiving a defense verdict at trial, Plaintiffs' attorney, Mr. Katz, retained outside counsel, Hicks Thomas LLP, to help with the Motion for New Trial and subsequent Appeal due to the nature of the issues. Mr. Katz incurred $52,831.34 in costs and fees for outside counsel's work on the Motion for New Trial. Mr. Katz has elected not to seek reimbursement for these costs. Moreover, for outside counsel's work on the appeal, Mr. Katz entered into a fee-sharing agreement with Hicks Thomas, essentially agreeing to an even split of his contingency fee. Thus, if the Law Offices of Dale K. Galipo and the Law Office of Stewart Katz are not fully awarded their requested compensatory fee in such risky § 1983 cases, they would not be able to take them. In turn, plaintiffs such as J.J.L. and D.F.L. would not be able to attract competent counsel who could achieve similar results. Accordingly, Plaintiffs J.J.L. and D.F.L.'s attorneys request reimbursement of the full amount of their attorneys' fees and costs. Le Decl. ¶ 11.

      11.    As stated above, the gross settlement amount is $1,700,000. The share of these proceeds apportioned for minor Plaintiff J.J.L. and his attorneys is $283,333.34. After deducting advanced costs in the amount of $12,314.34 and requested attorneys' fees of $113,333.34, the total net settlement proceeds to Plaintiff J.J.L. is $157,685.66. The share of these proceeds apportioned for minor Plaintiff D.F.L. and his attorneys is $283,333.34. After deducting advanced costs in the amount of $12,314.34 and requested attorneys' fees of $113,333.34, the total net settlement proceeds to Plaintiff D.F.L. is $157,685.66. Le Decl. ¶ 12.

      12.    It is requested that $157,685.66 be used to fund a structured settlement annuity for Plaintiff J.J.L. Attached as "**Exhibit A**" to the Declaration of Hang D. Le is the proposed structured annuity for Plaintiff J.J.L., which is incorporated herein by reference. The total amount that Plaintiff J.J.L. will receive after final payment is made directly to him is $235,700. Plaintiff J.J.L.'s guardian *ad litem*, Jennifer Landeros, agrees to this proposal and believes that it is in the best

1  interests of J.J.L. Le Decl. ¶ 13.

2  13. It is requested that $157,685.66 be used to fund a structured settlement annuity for Plaintiff D.F.L. Attached as "**Exhibit B**" to the Declaration of Hang D. Le is the proposed structured annuity for Plaintiff D.F.L., which is incorporated herein by reference. The total amount that Plaintiff D.F.L. will receive after final payment is made directly to him is $213,600. Plaintiff D.F.L.'s guardian *ad litem*, Jennifer Landeros, agrees to this proposal and believes that it is in the best interests of D.F.L. Le Decl. ¶ 14.

14. The moving guardian *ad litem*, Jennifer Landeros, also has claims against Defendants in connection with the subject incident.

15. The moving guardian *ad litem* does not have any claims against the minor Plaintiffs J.J.L. and D.F.L. in connection with the subject incident.

16. California Welfare and Institutions Code Section 14124.73 does not apply.

17. This motion does not seek an order for payment of money to a special needs trust. Le Decl. ¶ 15.

**Disclosures pursuant to California Rule of Court 7.951:**

1. This motion was prepared by attorney Hang D. Le (California State Bar Number 293450), of the Law Offices of Dale K. Galipo, located at 21800 Burbank Boulevard, Suite 310, Woodland Hills, California, which represents Plaintiffs J.J.L., D.F.L., Tristan Landeros, Breanna Landeros, Deja Landeros, and Jennifer Landeros in this action. Le Decl. ¶ 16.

2. The Law Offices of Dale K. Galipo and the Law Office of Stewart Katz did not become concerned with this matter at the instance of any party against whom the claim of said minors are asserted. Le Decl. ¶ 17.

3. The Law Offices of Dale K. Galipo and the Law Office of Stewart Katz represent Plaintiffs J.J.L., D.F.L., Tristan Landeros, Breanna Landeros, Deja Landeros, and Jennifer Landeros in this matter but are not employed by any other party or any insurance carrier involved in the matter. Le Decl. ¶ 18.

4. The Law Offices of Dale K. Galipo and the Law Office of Stewart Katz have not to date received any compensation for their services in connection herewith from any person. Le Decl.

1 ¶ 19.

2     5.    In addition to receiving compensation from Plaintiffs J.J.L. and D.F.L.'s share of the settlement, Plaintiffs' attorneys expect to receive compensation in the amount of $133,333.33 in attorneys' fees and $12,314.34 in reimbursed advanced litigation costs for their services in connection wherewith from the gross settlement proceeds to Tristan Landeros's portion of the gross settlement proceeds, and $133,333.33 in attorneys' fees and $12,314.35 in reimbursed advanced litigation costs for their services in connection herewith from the gross settlement proceeds to Breanna Landeros's portion of the gross settlement proceeds, and $133,333.33 in attorneys' fees and $12,314.35 in reimbursed advanced litigation costs for their services in connection herewith from the gross settlement proceeds to Deja Landeros's portion of the gross settlement proceeds, and $133,333.33 in attorneys' fees and $12,314.35 in reimbursed advanced litigation costs for their services in connection herewith from the gross settlement proceeds to Jennifer Landeros's portion of the gross settlement proceeds. Le Decl. ¶ 20.

    6.    The Law Offices of Dale K. Galipo and the Law Office of Stewart Katz accepted this engagement for a contingency fee, plus reimbursement for any costs advanced. The retainer agreement provides for a 40 percent attorney fee recovery if any recovery is made after commencement of a lawsuit. Le Decl. ¶ 21.

**Petitioner's endorsement**:

Petitioner Jennifer Landeros has made a careful and diligent inquiry and investigation to ascertain the facts relating to the incident giving rise to the minors; claims, the parties responsible for the incident, and the nature, extent and seriousness of the minor's claims. Petitioner further understands that if the compromise proposed in this *Motion* is approved by the Court and is consummated, the minor children will be forever barred from seeking any further recovery of compensation even though the minors' injuries and losses might in the future appear to be more serious than they are now thought to be. Petitioner recommends the compromise settlement and the proposed distribution to the minors to the Court as being fair, reasonable, and in the best interest of the minors, and requests that the Court approve this compromise settlement and make such other and further orders as may be just and reasonable. Petitioner Jennifer Landeros requests that the

Court enter the Proposed Order filed concurrently herewith.

### III. <u>CONCLUSION</u>

For the foregoing reasons, Plaintiffs J.J.L., D.F.L., and Jennifer Landeros respectfully request that the Court enter the proposed order submitted.

Respectfully submitted,

DATED: November 25, 2024   **LAW OFFICES OF DALE K. GALIPO**
**LAW OFFICE OF STEWART KATZ**


By  */s/ Hang D. Le*
    Dale K. Galipo
    Stewart Katz
    Hang D. Le
    *Attorneys for Plaintiffs*

**VERIFICATION BY MINOR PLAINTIFFS J.J.L. AND D.F.L.'S GUARDIAN *AD LITEM***

I, Jennifer Landeros, guardian *ad litem* and natural mother of minor plaintiffs J.J.L. and D.F.L., hereby declare under penalty of perjury pursuant to the laws of the United States of America that I have reviewed Plaintiffs' Motion for Approval of Compromise of Claims of Minor Plaintiffs J.J.L. and D.F.L. and the foregoing is true and correct.

Executed on this 22nd day of November 2024, at Elk Grove, California.

_____
Jennifer Landeros