1  LAW OFFICE OF DALE K. GALIPO
   DALE K. GALIPO, SBN 144074
2  dalekgalipo@yahoo.com
   HANG D. LE, SBN 293450
3  hlee@galipolaw.com
   21800 Burbank Blvd., Suite 310
4  Woodland Hills, CA 91367
   Telephone: (818) 347-3333
5
6  LAW OFFICE OF STEWART KATZ
   STEWART KATZ, SBN 127425
   555 University Avenue, Suite 270
7  Sacramento, California 95825
   Telephone: (916) 444-5678
8
   Attorneys for Plaintiffs
9

10              **UNITED STATES DISTRICT COURT**

11             **EASTERN DISTRICT OF CALIFORNIA**

12

13  JENNIFER LANDEROS, et al.,          | Case No. 2:17-cv-02598-WBS-CKD

14            Plaintiffs,               | *Honorable William B. Shubb*

15       v.                             | **DECLARATION OF HANG D. LE**

16                                      | [Plaintiffs' Unopposed Motion for Approval of
17  SAMUEL SCHAFER; et al.,             | Compromise of Claims of Minor Plaintiffs
                                        | J.J.L. and D.F.L.; Proposed Order *filed
18            Defendants.               | concurrently*]

19

20

21

22

23

24

25

26

27

28

**<u>DECLARATION OF HANG D. LE</u>**

I, Hang D. Le, hereby declare as follows:

1.          I am an attorney duly licensed to practice law in the United States District Court for the Eastern District of California. I am one of the attorneys of record for the plaintiffs Jennifer Landeros, Deja Landeros, Breanna Landeros, Tristan Landeros, J.J.L., and D.F.L. in this action. I have personal knowledge of the matters stated herein and would and could testify competently thereto if called. I make this declaration in support of Plaintiffs' Unopposed Motion for Approval of Compromise of Claims of the Minor Plaintiffs J.J.L. and D.F.L.

2.          On November 25, 2024, I e-mailed a copy of this instant Motion and accompanying proposed order to defense counsel for the City of Elk Grove and the individual defendant officers at bpraet@aol.com. Defense counsel is in agreement with Plaintiffs' Motion and does not intend to oppose Plaintiffs' Motion.

3.          The settlement agreement obligates Defendants to pay Plaintiffs and their attorneys of record a total sum of $1,700,000. Plaintiffs have agreed to split the settlement sum among the Plaintiffs as follows:

| | |
|---|---|
| J.J.L. and his attorneys | $283,333.34 |
| D.F.L. and his attorneys | $283,333.34 |
| Tristan Landeros and his attorneys | $283,333.33 |
| Breanna Landeros and her attorneys | $283,333.33 |
| Deja Landeros and her attorneys | $283,333.33 |
| Jennifer Landeros and her attorneys | $283,333.33 |

4.          Plaintiff J.J.L. is a minor child and the biological son of the Decedent in this case, Daniel Landeros. The minor Plaintiff J.J.L. is male. He was born in 2010.

5.          Plaintiff D.F.L. is a minor child and the biological son of the Decedent in this case, Daniel Landeros. The minor Plaintiff D.F.L. is male. He was born in 2008.

6.          The nature of Plaintiffs J.J.L. and D.F.L.'s claims in this lawsuit are set forth in the operative complaint filed in this action. Pursuant to the settlement agreement, Plaintiffs J.J.L. and D.F.L.'s claims will be compromised without a trial on the merits of the claims.

7.     Plaintiffs J.J.L. and D.F.L.'s damages in this case arise from: (1) the injuries suffered by Decedent, for which Plaintiffs J.J.L. and D.F.L. can recover damages as the successors in interest; and (2) Plaintiffs J.J.L. and D.F.L.'s individual loss of Decedent's comfort, care, companionship, training, support, and guidance.

8.     Medical treatment and medical billing are not relevant. Plaintiffs J.J.L. and D.F.L. have not received medical treatment in connection with this case.

9.     The total amount of the settlement that Defendants agree to pay is $1,700,000. . As set forth above, Plaintiffs propose the following gross division: (1) $283,333.34 to J.J.L. and his attorneys; (2) $283,333.34 to D.F.L. and his attorneys; (3) $283,333.33 to Tristan Landeros and his attorneys; (4) $283,333.33 to Breanna Landeros and her attorneys; (5) $283,333.33 to Deja Landeros and her attorneys; and (6) $283,333.33 to Jennifer Landeros and her attorneys. Plaintiffs' attorneys—the Law Offices of Dale K. Galipo and the Law Office of Stewart Katz—are requesting reimbursement of advanced litigation costs in the total amount of $73,886.07. The costs will be split among the Plaintiffs on a *pro rata* basis with their gross settlement allocation, such that Plaintiffs' attorneys are requesting $12,314.34 in costs from the gross settlement proceeds allocated to Plaintiff J.J.L. and $12,314.34 in costs from the gross settlement proceeds allocated to Plaintiff D.F.L. Thus, the total amount Plaintiffs' attorneys seek in reimbursement for advanced litigation costs from Plaintiffs J.J.L. and D.F.L. is $24,628.68.

10.     Plaintiffs' attorneys are requesting also attorneys' fees in the amount of forty (40) percent of the settlement proceeds allocated to Plaintiff J.J.L., which is $113,333.34. Plaintiffs' attorneys are also requesting attorneys' fees in the amount of forty (40) percent of the settlement proceeds allocated to Plaintiff D.F.L., which is $113,333.34. The contingency retainer agreement between Plaintiffs J.J.L. and D.F.L.'s guardian *ad litem* and Plaintiffs' attorneys provide for a forty (40) percent contingency fee.

11.     These are the amounts that would be due to the Law Offices of Dale K. Galipo and the Law Office of Stewart Katz under the existing contingency fee retainer agreement. This case involved a substantial amount of risk, was challenging, and required significant background in § 1983 litigation. Significant time and resources were required to litigate this case and to bring the

case to a position of settlement after receiving a defense verdict at trial. Additionally, after initially receiving a defense verdict at trial, Plaintiffs' attorney, Mr. Katz, retained outside counsel, Hicks Thomas LLP, to help with the Motion for New Trial and subsequent Appeal due to the nature of the issues. Mr. Katz incurred $52,831.34 in costs and fees for outside counsel's work on the Motion for New Trial. Mr. Katz has elected not to seek reimbursement for these costs. Moreover, for outside counsel's work on the appeal, Mr. Katz entered into a fee-sharing agreement with Hicks Thomas, essentially agreeing to an even split of his contingency fee. Thus, if the Law Offices of Dale K. Galipo and the Law Office of Stewart Katz are not fully awarded their requested compensatory fee in such risky § 1983 cases, they would not be able to take them. In turn, plaintiffs such as J.J.L. and D.F.L. would not be able to attract competent counsel who could achieve similar results. Accordingly, Plaintiffs J.J.L. and D.F.L.'s attorneys request reimbursement of the full amount of their attorneys' fees and costs.

12. The gross settlement amount is $1,700,000. The share of these proceeds apportioned for minor Plaintiff J.J.L. and his attorneys is $283,333.34. After deducting advanced costs in the amount of $12,314.34 and requested attorneys' fees of $113,333.34, the total net settlement proceeds to Plaintiff J.J.L. is $157,685.66. The share of these proceeds apportioned for minor Plaintiff D.F.L. and his attorneys is $283,333.34. After deducting advanced costs in the amount of $12,314.34 and requested attorneys' fees of $113,333.34, the total net settlement proceeds to Plaintiff D.F.L. is $157,685.66.

13. It is requested that $157,685.66 be used to fund a structured settlement annuity for Plaintiff J.J.L. Attached as "**Exhibit A**" to the Declaration of Hang D. Le is the proposed structured annuity for Plaintiff J.J.L., which is incorporated herein by reference. The total amount that Plaintiff J.J.L. will receive after final payment is made directly to him is $235,700. Plaintiff J.J.L.'s guardian *ad litem*, Jennifer Landeros, agrees to this proposal and believes that it is in the best interests of J.J.L.

14. It is requested that $157,685.66 be used to fund a structured settlement annuity for Plaintiff D.F.L. Attached as "**Exhibit B**" to the Declaration of Hang D. Le is the proposed structured annuity for Plaintiff D.F.L., which is incorporated herein by reference. The total amount

that Plaintiff D.F.L. will receive after final payment is made directly to him is $213,600.  Plaintiff D.F.L.'s guardian *ad litem*, Jennifer Landeros, agrees to this proposal and believes that it is in the best interests of D.F.L.

15.     This motion does not seek an order for payment of money to a special needs trust.

16.     This motion was prepared by myself (California State Bar Number 293450), of the Law Offices of Dale K. Galipo, located at 21800 Burbank Boulevard, Suite 310, Woodland Hills, California, which represents Plaintiffs J.J.L., D.F.L., Wendy Grijalva, and Joseph Morales in this action.

17.     The Law Offices of Dale K. Galipo and the Law Office of Stewart Katz did not become concerned with this matter at the instance of any party against whom the claim of said minors are asserted.

18.     The Law Offices of Dale K. Galipo and the Law Office of Stewart Katz represent Plaintiffs J.J.L., D.F.L., Tristan Landeros, Breanna Landeros, Deja Landeros, and Jennifer Landeros in this matter but are not employed by any other party or any insurance carrier involved in the matter.

19.     The Law Offices of Dale K. Galipo and the Law Office of Stewart Katz have not to date received any compensation for their services in connection herewith from any person.

20.     In addition to receiving compensation from Plaintiffs J.J.L. and D.F.L.'s share of the settlement, Plaintiffs' attorneys expect to receive compensation in the amount of $133,333.33 in attorneys' fees and $12,314.34 in reimbursed advanced litigation costs for their services in connection wherewith from the gross settlement proceeds to Tristan Landeros's portion of the gross settlement proceeds, and $133,333.33 in attorneys' fees and $12,314.35 in reimbursed advanced litigation costs for their services in connection herewith from the gross settlement proceeds to Breanna Landeros's portion of the gross settlement proceeds, and $133,333.33 in attorneys' fees and $12,314.35 in reimbursed advanced litigation costs for their services in connection herewith from the gross settlement proceeds to Deja Landeros's portion of the gross settlement proceeds, and $133,333.33 in attorneys' fees and $12,314.35 in reimbursed advanced

litigation costs for their services in connection herewith from the gross settlement proceeds to Jennifer Landeros's portion of the gross settlement proceeds.

21.     The Law Offices of Dale K. Galipo and the Law Office of Stewart Katz accepted this engagement for a contingency fee, plus reimbursement for any costs advanced. The retainer agreement provides for a 40 percent attorney fee recovery if any recovery is made after commencement of a lawsuit.

22.     Attached hereto as "**Exhibit C**" is a group of documents from MetLife, Inc., including the ratings and sample guarantee.


I declare under penalty of perjury that the foregoing is true and correct, and that this was executed this 25 day of November 2024 at Woodland Hills, California.


_____

Hang D. Le