# Exhibit A

## ANNUITY ATTACHMENT FOR J.J.L.

From the total gross settlement, the City of Elk Grove (hereinafter referred to as "Defendant") has agreed to issue a separate settlement check in the amount of $157,685.66 to fund the structured annuity for the minor J.J.L., by and through his Guardian ad Litem (hereinafter referred to as "Plaintiff").

Met Life Assignment Company, Inc. (hereinafter referred to as "Assignee") will provide the following periodic payments in Section A to be made by Metropolitan Tower Life Insurance Company, (hereinafter referred to as "Annuity Carrier") rated A+ Superior by A.M. Best.

The details of the periodic payments will be set forth in section (A), hereinbelow.  All sums and periodic payments set forth in the section entitled <u>Payments</u> constitute damages on account of personal physical injuries or physical illness, arising from an occurrence, within the meaning of Section 104(a)(2) of the Internal Revenue Code of 1986, as amended.

    A)    <u>Payments</u>:

**Payable to J.J.L.  :**

$30,000.00 Lump Sum Payment on 9/03/2028
$40,000.00 Lump Sum Payment on 9/03/2031
$50,000.00 Lump Sum Payment on 9/03/2034
$115,700.00 Lump Sum Payment on 9/03/2037

FUNDING INSTRUCTIONS:

| | |
|---|---|
| Premium Amount: | $157,685.66 |
| Check Payable to: | Met Life Assignment Company, Inc. |
| Tax I.D. | 38-4035918 |
| Deliver check to: | Baldwin Settlements<br>24265 Juanita Dr.<br>Laguna Niguel, CA 92677 |

The Defendant will execute a "qualified assignment" within the meaning of Section 130(c), of the Internal Revenue code of 1986, as amended, to Assignee, of the Defendant's liability to make the periodic payments described in paragraph (A) herein.  Such assignment, if made, shall be accepted by the Plaintiff without right of rejection and shall completely release and discharge the

Defendant from such obligations hereunder as are assigned to Assignee.

The Defendant shall have the right to fund its liability to make periodic payments by purchasing a "qualified funding asset", within the meaning of Section 130(d) of the Code, in the form of an annuity policy from the Annuity Carrier.

The obligation assumed by Assignee with respect to any required payment shall be discharged upon the mailing on or before the due date of a valid check or via wire transfer, in the amount specified above.

The Plaintiff hereto expressly understands and agrees that upon the qualified assignment being made by the Defendant to Assignee as authorized by this agreement, all of the duties and responsibilities to make the periodic payments otherwise imposed upon the Defendant by this agreement shall instead be binding upon Assignee, and the Defendant shall be released from all obligations to make said periodic payments, and Assignee shall at all times remain directly and solely responsible for and shall receive credit for all such payments made to Plaintiff.  It is further understood and agreed that, upon such a qualified assignment, Assignee assume all of the duties and responsibilities of the Defendant to make the periodic payments.

Payments hereunder cannot be accelerated, deferred, increased or decreased by the Plaintiff and/or Assignee and no part of the payment(s) called for herein or any assets of the Defendant and/or Assignee is to be subject to execution of any legal process for any obligation in any manner.  Furthermore, the Plaintiff shall not have the power to sell, increase, decrease, mortgage or encumber the same, or any part thereof, anticipate the same, or any part thereof, by assignment or otherwise, directly or indirectly.

The Assignee shall be the owner of the annuity policy or policies, and shall have all rights of ownership. The Assignee will have the Annuity Carrier mail payments directly to the Plaintiff. The Plaintiff shall be responsible for maintaining the currency of the proper mailing address and mortality information to Assignee.