1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                    EASTERN DISTRICT OF CALIFORNIA

10                         ----oo0oo----

11

12   JENNIFER LANDEROS, individually        No. 2:17-cv-02598 WBS CKD
     and as successor in interest to
13   DANIEL LANDEROS, Deceased; DEJA
     LANDEROS, individually and as
14   successor in interest to DANIEL        ORDER APPROVING MINORS'
     LANDEROS, Deceased; B.M.L.,            COMPROMISE
15   individually and as successor in
     interest to DANIEL LANDEROS,
16   Deceased, by and through
     JENNIFER LANDEROS, as Guardian
17   ad Litem; J.J.L., individually
     and as successor in interest to
18   DANIEL LANDEROS, Deceased, by
     and through JENNIFER LANDEROS,
19   as Guardian ad Litem; D.F.L.,
     individually and as successor in
20   interest to DANIEL LANDEROS,
     Deceased, by and through
21   JENNIFER LANDEROS, as Guardian
     ad Litem; and T.D.L.,
22   individually and as successor in
     interest to DANIEL LANDEROS,
23   Deceased, by and through
     JENNIFER LANDEROS, as Guardian
24   ad Litem,

25                Plaintiffs,

26       v.

27   SAMUEL SCHAFER; STEVEN HOLSTAD;
     JUSTIN PARKER; PATRICK SCOTT;
28   JEREMY BANKS; and CITY OF ELK

                                      1

1  GROVE,

2          Defendants.

3

4                         ----oo0oo----

5          Plaintiffs brought this suit against defendants as a

6  result of the death of their husband and father Daniel Landeros

7  in November 2016 during an encounter with City of Elk Grove

8  police officers.  After the parties agreed to a settlement for a

9  total of $1,700,000, minors J.J.L. and D.F.L., by and through

10 their guardian ad litem and mother Jennifer Landeros, moved for

11 approval of the compromise of their claims.  (Docket No. 170.)

12 Plaintiffs have essentially agreed to split the settlement amount

13 equally, with each plaintiff receiving $283,333.33 or $283,333.34

14 before deduction of attorney's fees and costs.  The court held a

15 hearing on this motion on January 6, 2024.

16         Under the Eastern District of California's Local Rules,

17 the court must approve the settlement of the claims of a minor.

18 E.D. Cal. L.R. 202(b).  The party moving for approval of the

19 settlement must provide the court "information as may be required

20 to enable the [c]ourt to determine the fairness of the settlement

21 or compromise[.]"  Id. at L.R. 202(b)(2); see also Robidoux v.

22 Rosengren, 638 F.3d 1177, 1179 (9th Cir. 2011) (stating that

23 district courts have a duty "to safeguard the interests of minor

24 plaintiffs" that requires them to "determine whether the net

25 amount distributed to each minor plaintiff in the proposed

26 settlement is fair and reasonable[.]").  District courts must

27 "limit the scope of their review to the question whether the net

28 amount distributed to each minor plaintiff in the settlement is

                                2

1    fair and reasonable, in light of the facts of the case, the

2    minor's specific claim, and recovery in similar cases." Id. at

3    1181-82.

4         The court, after considering all of the relevant

5    submissions, and based on the court's familiarity with the facts

6    of the case after presiding over the jury trial in 2022, finds

7    that the settlement is fair, reasonable, and in the best interest

8    of minors J.J.L. and D.F.L.. See E.D. Cal. L.R. 202(b).  The

9    settlement is for a substantial sum of $283,333.33 or $283,333.34

10   for each plaintiff, including the two minors, for a total of $1.7

11   million, and it is not certain that plaintiffs would recover that

12   amount against defendants if the case proceeded to trial again,

13   especially considering that the jury found no liability in the

14   first trial.

15        Given the fact that plaintiffs' counsel also tried this

16   case to a jury and then successfully appealed the denial of their

17   motion for new trial, the court also finds that plaintiffs'

18   counsel's 40% contingency fee is very reasonable under the

19   circumstances. See, e.g., McCue v. S. Fork Union Sch. Dist., No.

20   1:10-cv-00233 LJO MJS, 2012 WL 2995666, at *6 (E.D. Cal. July 23,

21   2012) (while 25% is the "benchmark" for attorney's fees in

22   contingency cases on behalf of minors, that percentage may be

23   increased based on unusual complexity or unusual expenditure of

24   time) (citations omitted).  Accordingly, the court will grant the

25   motion.[1]

26

27        [1]   After deducting the 40% contingency fee and each
     plaintiff's pro rata share of costs, J.J.L. and D.F.L. will each
28   receive a net settlement amount of $157,685.66.

1    IT IS THEREFORE ORDERED that the motion for approval of

2    minors' compromise filed by plaintiffs J.J.L. and D.F.L., by and

3    through their guardian ad litem Jennifer Landeros (Docket No.

4    170) be, and the same hereby is, GRANTED.  The court orders as

5    follows:

6        1.   The settlement of minor plaintiff J.J.L.'s action

7    against the defendants in the amount of $283,333.34 is hereby

8    approved.

9        2.   The settlement of minor plaintiff D.F.L.'s action

10   against the defendants in the amount of $283,333.34 is hereby

11   approved.

12       2.   Within 30 days of the date of this Order, defendant

13   City of Elk Grove, through counsel, shall prepare and deliver the

14   drafts for the gross settlement proceeds in the amount of

15   $1,700,000 payable as follows:

16       a.   A draft for $1,384,628.68 shall be made payable to

17   the "Law Offices of Dale K. Galipo, Client Trust Account," and

18   sent to the Law Offices of Dale K. Galipo.  These funds shall be

19   used to satisfy (1) the attorneys' fees owed to the Law Offices

20   of Dale K. Galipo and the Law Office of Stewart Katz in the

21   amount of $113,333.34 by plaintiff J.J.L.; (2) the pro rata costs

22   owed to plaintiff J.J.L.'s attorneys in the amount of $12,314.34;

23   (3) the attorneys' fees owed to the Law Offices of Dale K. Galipo

24   and the Law Office of Stewart Katz in the amount of $113,333.34

25   by plaintiff D.F.L.; (4) the pro rata costs owed to plaintiff

26   D.F.L.'s attorneys in the amount of $12,314.34; (5) the total

27   gross settlement amount to plaintiff Tristan Landeros in the

28   amount of $283,333.33; (6) the total gross settlement amount to

4

plaintiff Breanna Landeros in the amount of $283,333.33; (7) the total gross settlement amount to plaintiff Deja Landeros in the amount of $283,333.33; and (8) the total gross settlement amount to plaintiff Jennifer Landeros in the amount of $283,333.33.

b.   Defendant City of Elk Grove will purchase a structured annuity for the minor plaintiff J.J.L. in the amount of $157,685.66 from MetLife Assignment Company, Inc. (hereinafter referred to as "Assignee 1"), which will provide periodic payments to be made by Metropolitan Tower Life Insurance Company (hereinafter referred to as "Annuity Carrier") rated A+ Superior by A.M. Best Company as set forth in "Exhibit A" to the Declaration of Hang D. Le and in the table below.  The total amount that J.J.L. will receive after the final payment is made directly to him from the annuity is $235,700.

c.   Defendant City of Elk Grove will purchase a structured annuity for the minor plaintiff D.F.L. in the amount of $157,685.66 from MetLife Assignment Company, Inc. (hereinafter referred to as "Assignee 2"), which will provide periodic payments to be made by Metropolitan Tower Life Insurance Company (hereinafter referred to as "Annuity Carrier") rated A+ Superior by A.M. Best Company as set forth in "Exhibit B" to the Declaration of Hang D. Le and in the table below.  The total amount that D.F.L. will receive after the final payment is made directly to him from the annuity is $213,600.

d.   Defendant City of Elk Grove will arrange to have the annuity premium checks, made payable to MetLife Assignment Company, Inc., delivered directly to the annuity broker, Baldwin Settlements.

5.    Annuity Carrier shall provide periodic payments in accordance with "Exhibit A" and "Exhibit B" to the Declaration of Hang D. Le and as set forth in the table below.

6.    All sums and periodic payments set forth in the two "Periodic Payments" tables below constitute damages on account of personal physical injuries or physical illness, arising from an occurrence, within the meaning of Section 104(a)(2) of the Internal Revenue Code of 1986, as amended.

7.    Disbursement drafts will be made payable and will begin being issued directly to plaintiff J.J.L. upon reaching the age of maturity according to the payment schedule below.

**Periodic Payments payable to J.J.L.**

| $30,000 | Lump Sum Payment on 9/03/2028 |
|---|---|
| $40,000 | Lump Sum Payment on 9/03/2031 |
| $50,000 | Lump Sum Payment on 9/03/2034 |
| $115,700 | Lump Sum Payment on 9/03/2037 |

8.    Disbursement drafts will be made payable and will begin being issued directly to Plaintiff D.F.L. upon reaching the age of maturity according to the payment schedule below.

**Periodic Payments payable to D.F.L.**

| $30,000 | Lump Sum Payment on 10/23/2026 |
|---|---|
| $40,000 | Lump Sum Payment on 10/23/2029 |

6

| $50,000 | Lump Sum Payment on 10/23/2032 |
| --- | --- |
| $93,600 | Lump Sum Payment on 10/23/2035 |

9.   Defendant City of Elk Grove will make a "qualified assignment" within the meaning of Section 130(c), of the Internal Revenue code of 1986, as amended, to Assignees 1 and 2, of the Defendant City of Elk Grove's liability to make the periodic payments as described in the above tables and in "Exhibit A" and "Exhibit B" to the Declaration of Hang D. Le filed concurrently herewith.  Such assignment, if made, shall be accepted by the Plaintiffs without right of rejection and shall completely release and discharge City of Elk Grove from such obligations hereunder as are assigned to Assignee 1 and Assignee 2. This includes that City of Elk Grove shall execute a Qualified Assignment document.

10.   Defendant City of Elk Grove and/or Assignees 1 and 2 shall have the right to fund its liability to make periodic payments by purchasing a "qualified funding asset," within the meaning of Section 130(d) of the Code, in the form of an annuity policy from the Annuity Carrier.

11.   Assignees 1 and 2 shall be the owners of the annuity policy or policies and shall have all rights of ownership.

12.   Assignees 1 and 2 will have the Annuity Carrier mail payments directly to the Plaintiffs J.J.L. and D.F.L., respectively, as set forth above.  Jennifer Landeros (until Plaintiffs J.J.L. and D.F.L. reach the age of the majority) and

1    then Plaintiffs J.J.L. and D.F.L. shall be responsible for

2    maintaining the currency of the proper mailing address and

3    mortality information to each Assignee respectively.

4              IT IS SO ORDERED.

5    Dated:   December 30, 2024

     WILLIAM B. SHUBB
6    UNITED STATES DISTRICT JUDGE

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

8