UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| JENNIFER LANDEROS, individually and as successor in interest to DANIEL LANDEROS, Deceased; DEJA LANDEROS, individually and as successor in interest to DANIEL LANDEROS, Deceased; B.M.L., individually and as successor in interest to DANIEL LANDEROS, Deceased, by and through JENNIFER LANDEROS, as Guardian ad Litem; J.J.L., individually and as successor in interest to DANIEL LANDEROS, Deceased, by and through JENNIFER LANDEROS, as Guardian ad Litem; D.F.L., individually and as successor in interest to DANIEL LANDEROS, Deceased, by and through JENNIFER LANDEROS, as Guardian ad Litem; and T.D.L., individually and as successor in interest to DANIEL LANDEROS, Deceased, by and through JENNIFER LANDEROS, as Guardian ad Litem, <br><br>　　　　Plaintiffs, <br><br>　　v. <br><br>SAMUEL SCHAFER; STEVEN HOLSTAD; JUSTIN PARKER; PATRICK SCOTT; JEREMY BANKS; and CITY OF ELK | No. 2:17-cv-02598 WBS CKD <br><br> AMENDED ORDER APPROVING MINORS' COMPROMISE |

| | |
|---|---|
| GROVE, | |
| | Defendants. |

----oo0oo----

Plaintiffs brought this suit against defendants as a result of the death of their husband and father Daniel Landeros in November 2016 during an encounter with City of Elk Grove police officers. After the parties agreed to a settlement for a total of $1,700,000, minors J.J.L. and D.F.L., by and through their guardian ad litem and mother Jennifer Landeros, moved for approval of the compromise of their claims. (Docket No. 170.) Plaintiffs have essentially agreed to split the settlement amount equally, with each plaintiff receiving $283,333.33 or $283,333.34 before deduction of attorney's fees and costs.

Under the Eastern District of California's Local Rules, the court must approve the settlement of the claims of a minor. E.D. Cal. L.R. 202(b). The party moving for approval of the settlement must provide the court "information as may be required to enable the [c]ourt to determine the fairness of the settlement or compromise[.]" Id. at L.R. 202(b)(2); see also Robidoux v. Rosengren, 638 F.3d 1177, 1179 (9th Cir. 2011) (stating that district courts have a duty "to safeguard the interests of minor plaintiffs" that requires them to "determine whether the net amount distributed to each minor plaintiff in the proposed settlement is fair and reasonable[.]"). District courts must "limit the scope of their review to the question whether the net amount distributed to each minor plaintiff in the settlement is fair and reasonable, in light of the facts of the case, the

minor's specific claim, and recovery in similar cases." Id. at 1181-82.

The court, after considering all of the relevant submissions, and based on the court's familiarity with the facts of the case after presiding over the jury trial in 2022, finds that the settlement is fair, reasonable, and in the best interest of minors J.J.L. and D.F.L.. See E.D. Cal. L.R. 202(b).  The settlement is for a substantial sum of $283,333.33 or $283,333.34 for each plaintiff, including the two minors, for a total of $1.7 million, and it is not certain that plaintiffs would recover that amount against defendants if the case proceeded to trial again, especially considering that the jury found no liability in the first trial.

Given the fact that plaintiffs' counsel also tried this case to a jury and then successfully appealed the denial of their motion for new trial, the court also finds that plaintiffs' counsel's 40% contingency fee is remarkably reasonable under the circumstances. See, e.g., McCue v. S. Fork Union Sch. Dist., No. 1:10-cv-00233 LJO MJS, 2012 WL 2995666, at *6 (E.D. Cal. July 23, 2012) (while 25% is the "benchmark" for attorney's fees in contingency cases on behalf of minors, that percentage may be increased based on unusual complexity or unusual expenditure of time) (citations omitted).  Accordingly, the court will grant the motion.[1]

IT IS THEREFORE ORDERED that the motion for approval of

---

[1] After deducting the 40% contingency fee and each plaintiff's pro rata share of costs, J.J.L. and D.F.L. will each receive a net settlement amount of $157,685.66.

minors' compromise filed by plaintiffs J.J.L. and D.F.L., by and through their guardian ad litem Jennifer Landeros (Docket No. 170) be, and the same hereby is, GRANTED.  The court orders as follows:

    1.   The settlement of minor plaintiff J.J.L.'s action against the defendants in the amount of $283,333.34 is hereby approved.

    2.   The settlement of minor plaintiff D.F.L.'s action against the defendants in the amount of $283,333.34 is hereby approved.

    2.   Within 30 days of the date of this Order, defendant City of Elk Grove, through counsel, shall prepare and deliver the drafts for the gross settlement proceeds in the amount of $1,700,000 payable as follows:

        a.   A draft for $1,384,628.68 shall be made payable to the "Law Offices of Dale K. Galipo, Client Trust Account," and sent to the Law Offices of Dale K. Galipo.  These funds shall be used to satisfy (1) the attorneys' fees owed to the Law Offices of Dale K. Galipo and the Law Office of Stewart Katz in the amount of $113,333.34 by plaintiff J.J.L.; (2) the pro rata costs owed to plaintiff J.J.L.'s attorneys in the amount of $12,314.34; (3) the attorneys' fees owed to the Law Offices of Dale K. Galipo and the Law Office of Stewart Katz in the amount of $113,333.34 by plaintiff D.F.L.; (4) the pro rata costs owed to plaintiff D.F.L.'s attorneys in the amount of $12,314.34; (5) the total gross settlement amount to plaintiff Tristan Landeros in the amount of $283,333.33; (6) the total gross settlement amount to plaintiff Breanna Landeros in the amount of $283,333.33; (7) the

1  total gross settlement amount to plaintiff Deja Landeros in the
2  amount of $283,333.33; and (8) the total gross settlement amount
3  to plaintiff Jennifer Landeros in the amount of $283,333.33.
4     b. Defendant City of Elk Grove will purchase a
5  structured annuity for the minor plaintiff J.J.L. in the amount
6  of $157,685.66 from MetLife Assignment Company, Inc. (hereinafter
7  referred to as "Assignee 1"), which will provide periodic
8  payments to be made by Metropolitan Tower Life Insurance Company
9  (hereinafter referred to as "Annuity Carrier") rated A+ Superior
10 by A.M. Best Company as set forth in "Exhibit A" to the
11 Declaration of Hang D. Le and in the table below.  The total
12 amount that J.J.L. will receive after the final payment is made
13 directly to him from the annuity is $235,700.
14    c. Defendant City of Elk Grove will purchase a
15 structured annuity for the minor plaintiff D.F.L. in the amount
16 of $157,685.66 from MetLife Assignment Company, Inc. (hereinafter
17 referred to as "Assignee 2"), which will provide periodic
18 payments to be made by Metropolitan Tower Life Insurance Company
19 (hereinafter referred to as "Annuity Carrier") rated A+ Superior
20 by A.M. Best Company as set forth in "Exhibit B" to the
21 Declaration of Hang D. Le and in the table below.  The total
22 amount that D.F.L. will receive after the final payment is made
23 directly to him from the annuity is $213,600.
24    d. Defendant City of Elk Grove will arrange to have
25 the annuity premium checks, made payable to MetLife Assignment
26 Company, Inc., delivered directly to the annuity broker, Baldwin
27 Settlements.
28   5. Annuity Carrier shall provide periodic payments in

accordance with "Exhibit A" and "Exhibit B" to the Declaration of Hang D. Le and as set forth in the table below.

6.   All sums and periodic payments set forth in the two "Periodic Payments" tables below constitute damages on account of personal physical injuries or physical illness, arising from an occurrence, within the meaning of Section 104(a)(2) of the Internal Revenue Code of 1986, as amended.

7.   Disbursement drafts will be made payable and will begin being issued directly to plaintiff J.J.L. upon reaching the age of maturity according to the payment schedule below.

**Periodic Payments payable to J.J.L.**

| | |
|---|---|
| $30,000 | Lump Sum Payment on 9/03/2028 |
| $40,000 | Lump Sum Payment on 9/03/2031 |
| $50,000 | Lump Sum Payment on 9/03/2034 |
| $115,700 | Lump Sum Payment on 9/03/2037 |

8.   Disbursement drafts will be made payable and will begin being issued directly to Plaintiff D.F.L. upon reaching the age of maturity according to the payment schedule below.

**Periodic Payments payable to D.F.L.**

| | |
|---|---|
| $30,000 | Lump Sum Payment on 10/23/2026 |
| $40,000 | Lump Sum Payment on 10/23/2029 |
| $50,000 | Lump Sum Payment on 10/23/2032 |

| | |
|---|---|
| $93,600 | Lump Sum Payment on 10/23/2035 |

9.  Defendant City of Elk Grove will make a "qualified assignment" within the meaning of Section 130(c), of the Internal Revenue code of 1986, as amended, to Assignees 1 and 2, of the Defendant City of Elk Grove's liability to make the periodic payments as described in the above tables and in "Exhibit A" and "Exhibit B" to the Declaration of Hang D. Le filed concurrently herewith.  Such assignment, if made, shall be accepted by the Plaintiffs without right of rejection and shall completely release and discharge City of Elk Grove from such obligations hereunder as are assigned to Assignee 1 and Assignee 2. This includes that City of Elk Grove shall execute a Qualified Assignment document.

10.  Defendant City of Elk Grove and/or Assignees 1 and 2 shall have the right to fund its liability to make periodic payments by purchasing a "qualified funding asset," within the meaning of Section 130(d) of the Code, in the form of an annuity policy from the Annuity Carrier.

11.  Assignees 1 and 2 shall be the owners of the annuity policy or policies and shall have all rights of ownership.

12.  Assignees 1 and 2 will have the Annuity Carrier mail payments directly to the Plaintiffs J.J.L. and D.F.L., respectively, as set forth above.  Jennifer Landeros (until Plaintiffs J.J.L. and D.F.L. reach the age of the majority) and then Plaintiffs J.J.L. and D.F.L. shall be responsible for maintaining the currency of the proper mailing address and

mortality information to each Assignee respectively.

        IT IS SO ORDERED.

Dated:   January 6, 2025

WILLIAM B. SHUBB  
UNITED STATES DISTRICT JUDGE